WESTERN DIST.
*October*, 1840.

MAURIN
*vs.*
CHAMBERS
AND
WILLIAMS.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF RAPIDES, JUDGE KING OF THE FIFTH DISTRICT PRESIDING.

Parties have a right to bring in and offer their evidence in the order they choose, and it should not be rejected because that first offered does not prove enough.

Where defendants, who are sued on their notes given for land, resist payment, they have the right, even against an endorsee, who is a stranger to the making of the notes and received them before due, to offer evidence of the consideration, and that they are in danger of eviction, when they allege they have further evidence to offer, that the endorsee had knowledge of these facts.

The mention on the face of notes that they were given in part payment of a tract of land, does not prevent their negotiability.

This is an action against the maker and endorser of two promissory notes of the following tenor.

$1020.    "ALEXANDRIA, 24th DECEMBER, 1835. "

"On the first day of April, 1839, I promise to pay to the order of Archibald P. Williams, the sum of one thousand and twenty dollars, value received, *in a tract* of 1360 arpents, this day purchased of Girard and François Chretien. "

"JOSIAS CHAMBERS."

(*Endorsed*)    "ARCHIBALD P. WILLIAMS."

"*Passé a l'ordre de Mr. Antoine Maurin, sans recours.*"

"GIRARD CHRETIEN."

The defendants averred that the notes were given as expressed on their face, in part payment of the purchase of a tract of land, bought of G. and F. Chretien. That two suits have been commenced against them, by the heirs of James Tear, for a part of the land, and are still pending; and that they are in danger of eviction; that they have called the Chretiens in warranty, and have the right of suspending payment until the decision of said suits, and of withholding payment entirely, should they be evicted from the land.

They further aver, that Chretien passed off said notes to the plaintiff with the view of defeating their legal right to

WESTERN DIST.
October, 1840.

MAURIN
vs.
CHAMBERS
AND
WILLIAMS.

arrest payment, and that the latter took them with a knowledge of the equities which these defendants had against the Chretiens; that said notes are not negotiable in their form, and the plaintiff has taken them subject to all the equities which they might have, if they were in the hands of the original parties. They pray that the suit be dismissed; or that they be allowed the benefit of their defence, as if the notes were in the hands of Chretien. Upon these pleadings and issues, the parties went to trial.

On the trial the defendants offered the deed of sale from Chretiens to them, to show that the notes sued on were given as part of the price of the tract of land in question; and also the record of the suit of the heirs of James Tear against them for a part of the land, with the view to evict them, and that the suit was still pending, and they in danger of eviction. The introduction of this testimony was opposed and objected to by the plaintiff's counsel, and the objection sustained by the court, to which the defendants excepted; because they considered the evidence legal to show they have the right of requiring security from the plaintiff to refund them the price in the event of eviction, in the same manner as if the notes were in the hands of the vendors, under *article 2535* of the *Louisiana Code,* and the 2d section of the act amending the *Louisiana Code, and Code of Practice,* passed the 25th March, 1828.

There was judgment for the plaintiff, and the defendants appealed.

*Brent,* for the plaintiff.

*Hyams* and *Dunbar* for the defendants.

Wherever the holder of a bill or note takes it under circumstances which shall have excited suspicion, or have induced a prudent man to have made inquiry into the validity of his endorsee's title, he takes it at his peril, and subject to the equities existing against his endorsee, and the maker may be let into his defence, as if between the original parties.

WESTERN DIST.
October, 1840.

MAURIN
vs.
CHAMBERS
AND
WILLIAMS.

This rule is usually applied to bills and notes over due ; but the principle is of universal application. 3 *Kent*, 80, 82. *Bayley*, 348, 344 ; 4 *Binney*, 367 ; 4 *Massachusetts Reports*, 370.

2. Here the note contained two circumstances which, standing together, certainly should have induced suspicion in a prudent or cautious man. The consideration was expressed to be so many acres of land that day bought of F. and G. Chretien, and we find these same persons endorsing this note to the holder *without recourse*. Now it is admitted that either one of these circumstances isolated, or without the other, might not have excited suspicion, and might well have been taken *in the usual course of trade*. But taking them *both together*, and when in fact there did not exist an action to evict the drawers, they must necessarily have excited some suspicion and inquiry; and the inference is irresistible that the true nature of the transaction was disclosed to him, and if so, he stands in the shoes of Chretien, and cannot recover without giving the security required by law.

3. In the case in 12 *Martin*, 236, relied on by plaintiff, the only mark of suspicion set up by the defendant was the *paraph* of the notary ; this is not analogous to *our case*, and the principle invoked by us is recognized in that case *page*, 237. See 3 *Louisiana Reports*, 241. 7 *Idem.*, 570. There the defence was not legal, even against the payee.

4. The title of plaintiff was put at issue, and he should have shown that he came by the note *bona fide*, *Bowen* vs. *Veil*, 6 *Martin*, *N. S.*, 565 ; and the burden of proof in such a case rests on the plaintiff, *Morgan* vs. *Yarborough.*, 13 *Louisiana Reports*, 76.

*Thomas* and *Ogden*, on the same side, contended, that the court erred in rejecting the defendant's evidence of the deed from Chretiens to them, and the record of the suit of Tear's heirs against them for the land which formed the consideration of the the notes sued on. This evidence being embraced by the issue, and forming the two first links in their chain.

Western Dist.
October, 1840.

MAURIN
vs.
CHAMBERS
AND
WILLIAMS.

2. That the notes being given by persons of known solvency, and for a valuable consideration, that of one thousand three hundred acres of land, was calculated to inspire confidence in them, but when coupled with the fact that Chretien, possessing this knowledge, refused to be endorser, unless without recourse, was a circumstance calculated to dishonor them, and to throw such a shade of suspicion over them, as to induce a prudent man to have inquired into the consideration.

*Martin, J.*, delivered the opinion of the court.

The defendants are sued as maker and endorser of two promissory notes. They resisted the claim on the ground that the notes had been given to G. Chretien, (by whom they were endorsed to the plaintiff, without recourse) in part payment of a tract of land of which they are in danger of being evicted ; a suit being pending therefor. That this circumstance authorized them to withhold payment of the price ; or at least to require security. That the plaintiff took these notes with the knowledge of the defendants' rights in this respect, and with a view of preventing the exercise of them. There was judgment for the plaintiff, and the defendants appealed.

Where defendants, who are sued on their notes, given for land, resist payment; they have the right, even against an endorsee, who is a stranger to the consideration of the notes, and received them before due, to offer evidence of the consideration and that they are in danger of eviction, when they allege they have further evidence to offer, that the endorsee had knowledge of these facts.

Our attention is arrested on two bills of exception taken by the defendants' counsel on the refusal of the District Court, to permit evidence to be given of the pending of the suit against them, and the *act of sale of the land* by G. and F. Chretien to them.

The plaintiff's counsel contended that the evidence could not be received, because the defendants had not offered any proof of the knowledge of the plaintiff of the danger of eviction, alleged in the defence.

The counsel of the defendants urged that this knowledge appeared from the mention on the face of the notes, that their amount was part of the price of the land ; and from Chretien's endorsement, which was *made without recourse*. That they had other evidence of this knowledge, which they intended to introduce after they had established the facts, which

WESTERN DIST.
October, 1840.

MAURIN
vs.
CHAMBERS
AND
WILLIAMS.

the court prevented them from proving. We have often said that courts could not control the parties, in the order in which they chose to bring in and offer their proofs.

The mention on the face of the notes that they were given in part payment of a tract of land, did not prevent or obstruct their negotiability.  12 *Martin*, 235 ; *Wheaton.*

It has been contended that the notes being endorsed *without recourse*, created a presumption that the plaintiff knew his endorser, foresaw that the payment of the notes could not be obtained without difficulty, and that a failure of consideration would be urged by the makers. We have been referred to 4 *Massachusetts Reports*, 370 ; in which chief justice Parsons held, that when a note was negotiated after it was overdue, and the endorsement excluded the responsibility of the endorser, the maker was authorized to introduce evidence of any equitable defence which he might have opposed to the payee. That case differs widely from the present, in which the notes were negotiated before their maturity. What was said by the chief justice as to the endorsement without recourse, must be considered as a mere *obitur dictum* ; because it was unnecessary to the decision of the case. The circumstance of the notes having been negotiated when overdue, was sufficient to authorize the introduction of the evidence.

We refrain from expressing any opinion on this *dictum*, because the case before us does not require it ; the defendants being at liberty according to the jurisprudence of this state, and the practice of the inferior courts, to introduce their evidence in the order which suits them best.

The District Court, in our opinion erred, in refusing to the defendants leave to read the documents offered by them as evidence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and the case remanded for further proceedings, with directions to the judge, *a quo* to admit in evidence the documents mentioned in the bills of exception ; the plaintiff and appellee paying the costs of the appeal.

The mention on the face of notes that they were given in part payment of a tract of land, does not prevent their negotiability.