ANTOINE MAURIN v. JOSIAS CHAMBERS.

The statement on the face of a note, that the consideration for which it was given was the purchase of a tract of land, imposes no obligation on an endorsee to inquire whether his endorser had a good title to the property sold; nor does any such obligation result from its being endorsed, without recourse.

The maker of a negotiable note cannot urge any inquiry into its consideration, when in the hands of an endorsee, not shown to have had any knowledge of the failure of the consideration before he received it.

APPEAL from the District Court of Rapides, *King*, J.

*Brent*, for the plaintiff.

*Dunbar*, and *Hyams*, for the appellant.

MARTIN, J.   The defendant is appellant from a judgment on his promissory note.   He pleaded, that it was given for the purchase of a tract of land from G. & F. Chrétien, who endorsed the note to the plaintiff; that he is in danger of being evicted, a suit having been brought, and being still pending against him for that purpose ; that the note is not negotiable on its face ; and that the plaintiff knew there was a suit brought against the defendant for the land.

It is true, that the note states on its face that the consideration of it was the purchase of a tract of land from G. & F. Chrétien, who endorsed it to the plaintiff, *without recourse.*   It is negotiable, being made payable to the order of the payee.   There is no evidence of the knowledge of the plaintiff, when he received the note, that a suit was brought against the maker for the land. The consideration of a note being stated on its face to be the purchase of a tract of land, imposes no obligation on the endorsee to inquire whether his endorser had a good title to the land ; neither does this obligation result from the note being endorsed without recourse.   The note being in the hands of an endorsee, the maker is disabled from urging an inquiry as to its consideration.

*Judgment affirmed.*