SEYMOUR & CO v. ARTZ

(Dec. 13, 1926.  Opinion and Decree.)
(Jan. 3, 1927.  Rehearing Refused.)
(March 2, 1927.  Writs of Certiorari and
Review denied by Supreme Court.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Bills and Notes—**
   **Par. 116.**

The holder of a demand note, acquired a
   reasonable time after maturity, is a
   holder in good faith if otherwise
   within the statutory definition.

2. **Louisiana Digest—Bills and Notes—**
   **Par. 73, 78.**

A statement of the consideration for
   which a note is given and a clause
   giving the maker the right to dis-
   count at a fixed rate of 5 per cent
   does not, when written across the
   face of the note, destroy its negotia-
   bility.

Appeal from First City Court, Section
"C". Hon. W. V. Seeber, Judge.

Action by William D. Seymour & Com-
pany against Frank Artz, et al.

There was judgment for defendant and
plaintiff appealed.

Judgment reversed.

H. L. Hammett, of New Orleans, attor-
ney for plaintiff, appellant.

Geo. J. Untereiner, of New Orleans, at-
torney for defendant, appellee.

OPINION.

WESTERFIELD, J.      Plaintiff sued
Frank Artz, doing business under the
name of Galliber Cleaners and Dyers,
H. J. Marcel, doing business under name
of Marcel Welding Company, and C. J.
Boudreaux, praying for judgment against
the defendants, in solido, in the sum of
one hundred, twenty-two and 50-100
($122.50) dollars, the claim being founded
upon a promissory note for a like sum,
signed by Galliber Cleaners and Dyers,
Frank Artz, and endorsed by Marcel Weld-
ing Company and Boudreaux.

Boudreaux was never cited and Marcel,
whose testimony is uncontradicted, de-
clared that the endorsement, Marcel Weld-
ing Company, was made without his
knowledge or consent. If plaintiff has a
case, it is against Artz, only, that judg-
ment can be given.

Plaintiff's case depends upon the nego-
tiability of the note sued on.

It is alleged, and not denied, that the
note was signed by Artz and delivered to
Boudreaux and acquired by plaintiff from
Boudreaux for value, and before maturity,
(if a demand note is susceptible of acqui-
sition by a third person before maturity).
But, it is contended, that the note was
not negotiable, and, that it was given orig-
inally to Boudreaux, as consideration for
a certain boiler which was never deliv-
ered to Artz, evidence of which fact ap-
pears upon the face of the note, and that
plaintiff, in acquiring the note from Bou-
dreaux, did not thereby become a holder
in due course, under the negotiable instru-
ment law.

It is also contended, though with less
resistance, that a demand note is due the

moment it is signed, and, is therefore, not susceptible of acquisition by a third person before maturity.

On the last point, we observe that the negotiable instrument law reads as follows:

"Sec. 1. An instrument to be negotiable must conform to the following requirements:

"Sec. 2. Must contain an unconditional promise or order to pay a sum certain in money.

"Sec. 3. Must be payable on demand or at a fixed or determinable time.

"Sec. 4. Must be payable to order or to bearer; and

"Sec. 5. Where the instrument is addressed to a drawee, he must be named, or otherwise indicated therein with reasonable certainty."

We quote the following from Corpus Juris, vol. 8, p. 408, verbo bills and notes:

"In some cases it has been held that paper payable on demand is not overdue for the purpose of transfer, so as to make the transferee a purchaser after maturity, until after a demand has been made, and some have held that it is overdue immediately after it is issued. Most of the courts, however, hold that it is not overdue for the purpose of transfer until after the lapse of a reasonable time and that it is then overdue."

We do not stop to ascertain whether, in the jurisdictions holding demand notes overdue immediately, the negotiable instrument law has been adopted, because we prefer to align ourselves with the majority holding that such notes are not overdue until the lapse of a reasonable time. Moreover, Section 53 of the Negotiable Instrument Law provides that "where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course".

The holder of a demand note negotiated a rasonable length of time after issue is, therefore, a holder in due course. The note we are considering was negotiated two days after issue, obviously a reasonable time.

The argument that the note is not negotiable on its face is based upon the following inscription which appears in red ink written across the face of the note:

"The maker of this note reserves the right to an installment to cover said note at fifteen dollars per month until paid, and also reserves the right to discount same at any time less 5 per cent on remaining sum the amount being payment of boiler and note herewith cash."

The writing is somewhat obscure and illegible, but the meaning is fairly evident to the effect that the maker reserves the privilege of paying in installments and to discount any amount remaining at any time and that the consideration of the note was a boiler.

Does this inscription render the note non-negotiable is the final question?

It has often been held that a statement on the face of the note, reciting the consideration for which it is given, does not affect its negotiability, even after the adoption of Act 64 of 1904, the Negotiable Instrument Law. Bank vs. Holland, 5th Ann. 363; Maurin vs. Chambers, et al., 16 La. 207; Sadler vs. White, 14th Ann. 177; Bonart vs. Rabito, 141 La. 970, 76 So. 166; Tyler vs. Bank, 157 La. 249, 102 So. 325; Bank vs. Carpenter, 160 La. 1033, 107 So. 860.

In Bank vs. Dresser, 132 La. 538, it was held that a stipulation authorizing the ap-

plication or appropriation to the payment of the note at maturity of any money, stocks, bonds or other property on deposit, or to the credit of the maker in the books of the bank destroyed the negotiability of the note because such a stipulation was an order to do an act in addition to the payment of money which, under the law, rendered the note non-negotiable. The Dresser case, however, was overruled in the case of Bonart vs. Rabito (supra), where the contrary was held. In Taylor vs. Bank (supra), it was held that a note bearing on its face this inscription "Value to be received in rent for store No. 443 Camp street, for month of April, 1920, as per lease this date," was negotiable.

The discount provision in the note casts some doubt upon its negotiability.

"It has been held in Minnesota, Nebraska, Texas and Canada that a promise to pay a certain sum, with a provision that a fixed discount is to be allowed, if paid before maturity, or before a certain date is negotiable; and in Ohio the same is held as to provision for discount if paid at maturity. However, the contrary has been held in Michigan, Oklahoma, South Dakota and Tennessee. So in Iowa with the provision that the maker may pay a reduced amount and sell a certain amount ofgoo ds, as the payee's agents, within a certain time is not negotiable. The distinction drawn by the Minnesota court, and which seems to be supported by the better reasoning is this: A promise or order to pay a definite sum plus or minus a definite amount or discount is negotiable while a promise to pay a stated sum of money plus or minus an indefinite amount or discount is not negotiable."

Corpus Juris, vol. 8, p. 146, verbo "Bills and Notes".

We are not aware of any ruling on this point by our own Supreme Court or by this court. We have concluded to place ourselves with those jurisdictions which favor the negotiability of the note under circumstances such as obtain in this case and we resolve the doubt in this way.

The judgment appealed from is reversed to the extent that it absolves the defendant Frank Artz and it is now ordered that there be judgment in favor of plaintiff, William D. Seymour and Company, Inc., and against Frank Artz in the sum of $122.50 with legal interest thereon from July 31, 1925, and ten per cent attorney's fees on principal and interest and all costs.