LAND, Justice.
 

 Plaintiff sued defendant in the civil district court for a balance of $322.94, with interest, on certain rent notes held by plaintiff and executed by defendant to his own order and by him indorsed.
 

 Each of these notes bears across its face an inscription in red ink reading: “Rent Note Subject to Terms of Lease Dated May 2, 1927.”
 

 The defense is that these notes are not negotiable, but are subject to the terms of the lease of May 2, 1927, between Norman F. Dahlman, as lessor, and defendant, as lessee; and that the lessor violated certain conditions of the lease for which defendant, as , lessee, was entitled to certain deductions on the rent notes sued upon by plaintiff.
 

 Judgment was rendered in the civil district court in favor of plaintiff in the sum claimed with interest. On appeal to the Court of Appeal for the Parish of Orleans, this judgment was reversed, and the case is now before us under the writ of review (herein granted.
 

 In Tyler v. Whitney Central Trust & Savings Bank, 157 La. 249, 102 So. 325, 326, the
 
 *156
 
 rent note sued upon was indorsed in blank and was as follows:
 

 “$85.00. New Orleans, La., Oct. 1, 1918.
 

 “On May 1, 1920, we promise to pay to tbe order of ourselves eighty-five and no/100 dollars at-, with 8 per cent, interest per annum from maturity until paid. Value to be received in rent for store No. 443 Camp street for month of April, 1920,
 
 as per lease this date.”
 

 In the Tyler Case, page 261 of 157 La., 102 So. 325, 329, it is held:
 

 “Prom the authorities cited we conclude that, when the expression ‘as per contract’ is so placed as not to qualify the promise to pay,, the use of the expression does not render the note nonnegotiable, but on the other hand, when that phrase is so placed as to qualify the promise, and thereby make it dependent on the terms and conditions of the contract, the note is nonnegotiable.
 

 “In the case at bar the similar expression ‘as per lease this date’ is found in a separate sentencie from the promise to pay, and bears no relation whatever to the promise. In fact, the entire sentence in which the reference appears amounts to nothing more than a statement of the transaction which, gives rise to the notes and which serves to identify them with the transaction. Such a statement and means of identification do not render the notes nonnegotiable. Negotiable Instruments Law, § 3; Ruling Oase Law, vol. 3, § 106, p. 915.
 

 “We, therefore, conclude that the notes in the case at bar are negotiable; they being negotiable in all other respects.”
 

 As held in the Tyler case, page 260 of 157 La., 102 So. 325, 329, the court in the case of Continental Bank & Trust Co. v. Times Publishing Co., 142 La. 209, 76 So. 612, L. R. A. 1918B, 632, had before it the following rent note:
 

 “Shreveport, La., March 24, 1913.
 

 “September 1, 1915, * * * I promise to pay to the order of myself one hundred and fifty dollars, * * * value received, rent for month of August, 1915 (or other month in the future), for part of brick building * * * in Shreveport,
 
 as per contract
 
 dated March 24,1913.”
 

 Continuing its comment upon the decision in the Continental Bank & Trust Co. Case, it is said in the Tyler Case at page 260 of 157 La., 102 So. 325, 329: “Looking at the case from that standpoint, that is, that the notes in that case were viewed as so expressed by the court, we have no fault to find with the opinion rendered, nor do we consider the opinion in conflict with the authorities on the same subject cited supra. In notes so reading,-the promise to pay is qualified by the reference to the contract, and subjects the promise to the terms and conditions of the contract, for, as observed, in effect, by the court, the promise is to pay the amount stated on the day fixed as per the contract referred to, that is, in accordance with or subject to its terms.”
 

 As said in the Continental Bank & Trust Co. Case, at page 221 of 142 La., 76 So. 612, 616: “The whole contract must be expressed upon the face of the instrument, and, among other things, the promise to pay must be unconditional. But a promise is not unconditional which is followed, in the same sentence, with a stipulation to the effect that it
 
 *158
 
 will be fulfilled, as per another contract, whereby the payment is made contingent upon the non-happening of fortuitous events.”
 

 The court in that case also said at page 220 of 142 La., 76 So. 612, 616: “It may very well be
 
 that a statement on the face of a note, merely identifying it
 
 as having been given on a particular occasion, or in connection with a particular transaction,
 
 mil not affect its negotiability;
 
 but where, to the unconditional promise to pay, which is the sole obligation of the contract expressed in a negotiable note, there is added a declaration, or stipulation, to the effect that such, obligation is assumed, or is to be discharged, subject to, in accordance with, or 'as per’ the terms of. a collateral and contemporaneous contract, a very different question is presented.”
 

 As the statement, “Rent Note Subject to Terms of Lease Dated May 2, 1927,” appears in the present case written in red ink across the face of the note, it bears no relation whatever to the unconditional promise of the maker to pay the notes, and amounts to nothing more than a statement of the transaction which gives rise to the notes and which serves to identify them with the transaction.
 

 Our conclusion, therefore, is that the rent notes sued upon are negotiable.
 

 In all cases of this kind, the important question is whether the unconditional promise of the maker of the note has been modified by the terms of the lease. Necessarily, it follows that each, case must stand upon its own peculiar facts.
 

 It is therefore ordered that the judgment of the Court of Appeal for the Parish of Orleans he annulled and reversed.'
 

 It is now ordered that the judgment Of the civil district court for the parish of Orleans in favor of plaintiff be reinstated and affirmed, and that defendant pay all costs.