GULOTTA, Judge.
Defendant appeals from a judgment on a promissory note. We affirm.
Defendant contends that the trial judge erred in finding the plaintiff was a holder in due course, and as such, entitled to judgment on the note.
The note sued on was executed on July 1, 1971 by Lawrence Harredge, made payable to the order of “Bearer” in the sum of $19,800, payable 90 days after date with 8 percent interest from date of maturity. The defendant had been asked by some friends who were officers in the “33 corporation” to execute the note so that it could be used as part of a deposit on the purchase of a tract of land which the corporation had earlier agreed to buy from the seller, RIC, Inc. The note bore an inscription on its face that it was “for deposit on purchase of Tanho Subdivision.” At the time of the execution of the note, the defendant understood that it would not be negotiated and that it would be held in escrow by the attorney for the seller and purchasers until the date of the act of sale. The proposed sale was never completed and the purchaser, RIC, Inc., through its attorney, who held the note, negotiated it to Offshore Crewboats, Inc., for the sum of $15,840. After default on the note, this suit followed.
Defendant contends that the note bears an inscription on its face which constitutes an infirmity; that the circumstances surrounding the negotiation of the note were suspicious; and that defendant received no consideration for the note. According to defendant, plaintiff cannot be a holder in due course under these circumstances. See LSA-R.S. 7:52.[1] Finally, defendant complains that the trial judge erroneously severed the trial of his third party demand against the purchasers and sellers of the note in which defendant seeks indemnification for any amount for which he may be cast in judgment.
We fail to find merit in any of the multiple contentions raised by defendant.
We reject defendant’s first contention, i. e., that the inscription on the face of the note, “for deposit on purchase of Tanho Subdivision”, constitutes notice of infirmity or defect in title. In the cited cases of Maurin v. Chambers, 16 La. 207, La.Supreme Court 1840, and Maurin v. Chambers, 6 Rob. 62, La.Supreme Court 1843, the court held that the inscription on the face of notes which stated that they were given in part payment for the purchase for a tract of land did not prevent or obstruct their negotiability. We can per *776 ceive of no significant distinction between a note bearing an inscription that it is in part payment of a purchase price from one bearing an inscription that the note is for a deposit on the purchase price. See Newman v. Schwarz, 180 La. 153, 156 So. 206 (1934); and LSA-R.S. 7:3(2). We find no validity to the suggestion by defendant that the word “deposit” on the note in the instant case should have placed plaintiff on notice that such funds were subject to return to the purchaser if the sale was not consummated, and the use of the word “deposit” distinguishes the note in the instant case from the notes in the Maurin cases. In our opinion, defendant raises a distinction without a difference.
We reject also defendant’s claim that the circumstances surrounding the negotiation of the note are suspicious. We find no merit in defendant’s claim that the corporate books which did not show an account receivable, note receivable or an unearned discount lends suspicion to the transaction. Because the corporate books are not maintained in accordance with defendant’s accounting procedures, we cannot conclude the purchase of the note was not in good faith.
Nor can we conclude bad faith or suspicion surrounded the purchase of the note because on the same day the check, given in payment by Offshore to RIC, was cashed, an identical sum was deposited in Offshore’s account by Vincent Robin, III, the sole stockholder and president of Offshore. We do not agree that this transaction indicates that although the check was cashed and paid to an agent of RIC, Inc., in truth and in fact, the cash was returned to Vincent Robin and redeposited in the Offshore account. Nor do we believe this transaction indicates, as contended by Har-redge, the note was actually purchased by Vincent Robin, III, President of Offshore, Inc. and not by Offshore. This transaction was adequately explained by Vincent Robin who testified that he deposited in cash into Offshore’s account the amount of the check in order to cover the withdrawal of the amount necessary to purchase the note by Offshore.
 We find no merit further in defendant’s position that somehow because Harredge failed to receive any consideration for the note, plaintiff is not a holder in due course. The record is clear that plaintiff gave value for the note. Because the defendant signed the note as an accommodation for his friends and did not receive any monetary value or consideration for his signature on the note is of no significance insofar as plaintiff’s claim is concerned. The important thing in this respect is whether value or consideration was paid by the plaintiff and not whether defendant received any consideration for his signature on the note.
Finally, we conclude the trial judge properly severed defendant’s third party claim from the main demand. The record is clear that the trial judge correctly made this determination so as not to retard the trial on the main demand. LSA-C.C.P. art. 1038 allows the court discretion in ordering the separation of the trial on the main demand from the incidental demands. This matter had been continued on a prior occasion because of the inability to obtain the presence of witnesses, and defendant had again indicated on the date that this matter was set for trial that material witnesses were unavailable to prove his third party demand. Under the circumstances, we find no abuse of the trial court’s discretion in ordering the severance. As clearly stated by the trial judge, any further delay would unnecessarily retard the trial of the main demand. Furthermore, we fail to see how defendant’s third party demand can be prejudiced by the severance.
We conclude, therefore, the trial judge properly rendered judgment in favor of plaintiff and against defendant on the main demand. Plaintiff is a holder in due course and is entitled to judgment on the *777 note in the full amount. See LSA-R.S. 7:52. Accordingly, the judgment appealed from is affirmed and the matter is now remanded to the trial court for further proceedings on the third party demand. Costs incurred in connection with the main demand are to be paid by defendant. Additional costs to await finality of the litigation.
Affirmed and remanded.

. LSA-R.S. 7:52 reads as follows:
“A holder in due course is a holder who has taken the instrument under the following conditions :
“(1) That it is complete and regular upon its face;
“(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
“(3) That he took it in good faith and for value;
“(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.”