LANDRY, Judge.
This is a tort action by plaintiff, Georgia Washington Williams, Administratrix of her eleven year old son, Dan Williams, to recover damages for personal injuries sustained by the latter as the result of an accident which befell the lad while riding horseback. Named defendants in the suit are Louis Z. Fontane, owner of the horse in question, on whose premise the accident occurred, and Great American Insurance Company (sometimes hereinafter referred to as “Great American”), liability insurer of defendant, Fontane. After trial on the merits in the court below, the lower court rejected plaintiffs’ demands and plaintiffs have appealed.
The prime question presented by the instant appeal is the propriety vel non of the trial court’s refusal to grant plaintiffs a continuance requested on the day of the trial below.
In substance plaintiffs’ petition alleges defendants are liable to appellants, in solido, in the sum of $40,000.00 for personal injuries sustained by Dan Williams as the result of certain negligent acts on the part of defendant, Fontane, hereinafter particularized, which proximately caused the accident in question on January 1, 1963. Plaintiffs aver defendant Fontane owns and operates a riding stable in which he keeps saddle horses of his own to rent to devotees of the sport of horseback riding and also stables horses belonging to private individuals. Appellants’ complaint further asseverates that on the day of the accident defendant Fontane ordered the boy to mount defendant’s horse, Blackboy, ride the animal to a nearby pasture and there inform a group of young riders their “time was up” and that one of their number had received a telephone call. The petition then relates that on the return trip the boy was crossing a bridge on defendant’s premises when the animal suddenly and without warning reared, throwing his rider against the side railing of the bridge where the boy’s right leg came in contact with several large spikes or other objects protruding from the railing thus causing a triple fracture of the youth’s leg and hip.
Defendant Fontane is specifically alleged to have been negligent in maintaining a *688 dangerous'bridge on his premises in that he cauáed the facility to be constructed with large spikes and other objects extending inward from its side railings. In addition Fontane is said to have been remiss in ordering the young boy to mount and ride a horse knowing'the animal to be high spirited and dangerous. Upon concluding the foregoing allegations of negligence, the petition recites that Great American is the insurer of defendant Fontane under a liability policy affording said assured protection against liability of the nature asserted by plaintiffs.
Defendants answered plaintiffs’ complaint denying any negligence whatsoever on the part of Fontane and alleging the accident resulted solely from the negligence of young Williams, an experienced rider. In this regard defendants contend the accident occurred because of the lad’s negligence in failing to maintain proper control of the ani'mal, negligently guiding or permitting the horse to come in contact with the side of the bridge, failing to keep the animal in the center of the bridge which was more than 12 feet in width and riding the animal in' a careless, reckless and imprudent manner. In addition, defendants’ answers admit the. coverage afforded Fontane by the policy issued'by Great American covers the risk sued upon by appellants. Finally, ap-pellees’.. answers alternatively plead contributory negligence on the part of young Williams in the respects hereinbefore set forth.
When the case was called for trial below, counsel for appellants moved the Court for a continuance which motion was denied. Counsel for appellants then gave notice of intention to apply for writs of certiorari, prohibition and mandamus.
Counsel for appellants declined to participate in the trial on the ground the hereinafter mentioned action of counsel for defendants 'deprived her of the .opportunity to fully and adequately investigate, evaluate and prepare plaintiffs’ cases. The trial court, however proceeded to hear testimony adduced by defendants following which judgment was rendered rejecting-and dismissing plaintiffs’ complaints.
Learned counsel for appellants maintains the lower court erred in refusing the requested continuance because her clients’ causes were prejudiced by the failure, neglect and refusal of counsel for defendants to (1) produce for counsel’s inspection prior to trial the insurance contract between defendants, Great American and Fontane, notwithstanding appellants’ obtention of a subpoena duces tecum ordering the production of said document; (2) answer prior to trial certain interrogatories, twelve in number, propounded to defendants, and (3) permit inspection and examination prior to trial by counsel for appellant of the bridge and surrounding premises owned by defendant, Fontane, thereby effectively depriving counsel for appellant of a full opportunity to investigate, evaluate and prepare plaintiffs’ claims for presentation upon trial. Further error is alleged on the part of the trial court in proceeding to hear defendant’s testimony after denying plaintiffs’ motions for continuance notwithstanding defendants’ answers contained no reconventional demand for judgment against plaintiffs. Lastly, error is claimed in that the evidence adduced by defendants does not support the judgment rejecting plaintiffs’ demands on the merits.
The events and circumstances culminating in the trial court’s denial of plaintiffs’ motion for continuance require recitation in some detail. The record shows that after answering plaintiffs’ complaint, defendants requested and were granted a pre-trial conference which was held April 10, 1964, pursuant to which this matter was set for trial May 18, 1964. Previous to the aforesaid pre-trial conference, namely, on March 20, 1964, defendant served on plaintiff certain interrogatories which were answered by plaintiff on April 16, 1964, twenty-seven days later. On said same date, April 16, 1964, counsel ‘ for appellants propounded twelve interrogatories to defendants which were answered by defendant on the morn- *689 mg’ of May 18, 1964, thirty-two days thereafter, approximately two hours prior to commencement of the trial below. Prior to the filing of the aforesaid answers to interrogatories counsel for neither litigant requested answers be filed to the interrogatories each had propounded the other. On May 13, 1964, (five days prior to trial) counsel for appellants caused a subpoena duces tecum to issue ordering counsel for defendants to produce the insurance policy issued by defendant insurer for plaintiff’s inspection on May 18, 1964, the date of trial. It further appears that on May 14, 1964, (four days previous to trial) counsel for appellants obtained an order from the trial court directing defendant to make the premises in question available for inspection, examination and photographing by counsel for appellants.
Counsel for plaintiffs argues that under the circumstances shown she asserted peremptory grounds for a continuance as provided for by LSA-C.C.P. Article 1602, the pertinent part of which reads as follows:
“Art. 1602. Peremptory grounds
“A continuance shall be granted in the following cases: * * *
“(2) If at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.”
Conversely, however, counsel for appel-lees contends the granting of the requested continuance rested within the discretion of the trial court pursuant to the authority contained in LSA-C.C.P. Article 1601 which states:
“Art. 1601. Discretionary grounds
“A continuance may be granted in any case if there is good ground therefor.”
A mere casual reading of the above cited codal articles discloses that Article 1601, which is most general in nature, is purely permissive and vests trial courts with discretionary authority to grant a continuance when the ends of justice and the exigencies of the case so require. We particularly observe that Note (a) of the Official Revision Comments expressly reserves to trial courts the discretionary authority with respect to continuances which said tribunals possessed prior to adoption of the now effective Code of Civil Procedure.
LSA-C.C.P. Article 1602, however, clearly indicates the grounds for continuance therein specified are peremptory and that for such specifically enumerated causes, the trial court has no discretion in the matter of granting a continuance but must mandatorily allow deferment of a cause when one of said grounds is established by the party applying for postponement. To invoke the provisions of Article 1602, however, the litigant applying for continuance bears the burden of establishing that his reason falls within the purview of the Article because the Article itself so requires in unmistakable language. In the instant case, therefore, to show absolute entitlement to a continuance, it was incumbent upon counsel for appellants to establish either that despite counsel’s due diligence she was unable to obtain evidence material to her cause or that a material witness absented himself.
Although counsel for appellant alleges in substance that despite her due diligence she was unable to obtain evidence material to her cause, our consideration of the record discloses that she has failed to establish the verity of such assertions and therefore has not discharged the onus imposed upon her by LSA-C.C.P. Article 1602(2).
Under the circumstances existing herein, defendant’s production of the requested policy on the morning of trial did not deprive counsel of evidence material to the trial of her cause. It is to be noted that counsel herself did not seek the subpoena to *690 produce the policy until just a few days prior to trial and that the subpoena directed defendant to produce the policy on May 18, 1964, which defendant did in obedience to the court order. The policy was produced at the time requested by counsel for appellants, therefore, we consider it ill-behooves counsel to complain under the circumstances. Moreover, the contents of the policy were of no material value in that the terms thereof were not at issue in this cause. It will be recalled that defendants’ answers admitted the existence of the policy and its coverage of the accident in question. Therefore the issue of the insurer’s liability passed out of the case if the insured’s negligence was established by plaintiffs as required by law. In addition, when counsel for appellants requested the continuance on the ground more time was needed to study the policy, counsel for defendants stipulated that coverage was conceded and produced and offered in evidence a certified copy of the policy showing coverage in limits exceeding plaintiffs’ demands. In view of such developments, our learned brother below correctly held that no useful' purpose would be served by granting plaintiffs a continuance since the insurer’s coverage was conceded and the policy spoke for itself on the question of limits of coverage. Plaintiffs, therefore, were not deprived of evidence material to their cause because the policy was in evidence and all its provisions properly before the Court.
We shall next consider counsel’s complaint that defendants’ answers to the 12 interrogatories propounded April 16, 1964, were not furnished counsel until the morning of trial therefore counsel was entitled to the requested continuance inasmuch as the answers revealed matters which required investigation by counsel. In this regard, the record shows that the trial court examined counsel for plaintiffs with respect to each and every such interrogatory and concluded that notwithstanding the interrogatories, counsel for appellants was already aware of all the information sought to be obtained by said interrogatories. It further appears that counsel for defendant having been placed under cross examination by counsel for appellants, testified that at no time prior to trial had plaintiffs’ counsel requested an answer to the interrogatories propounded. Had the information sought to be obtained by the interrogatories been of the importance attributed to it by counsel for appellants, we believe due diligence on her part would have prompted a request for said answers prior to trial date. Our careful consideration of the record discloses that all evidence and facts sought by plaintiffs’ interrogatories were available and known to counsel prior to putting such queries to defendants consequently defendants filing answers thereto on the morning of the trial did not in any way prejudice plaintiffs’ causes. Of further considerable import is the fact that after denying counsel’s motion for continuance the trial court announced that upon conclusion of the trial, if it appeared that plaintiffs were in need of a continuance, the Court would grant counsel’s request for further time, which prospect counsel declined by refusing to participate in the trial.
We shall next consider the allegation plaintiffs were entitled to a continuance because of defendants’ refusal to permit inspection of the premises in question prior to trial. In this regard the record reveals that on numerous occasions prior to trial conversations were held between counsel with the view of agreeing upon a mutually satisfactory time for appellants’ counsel to view and photograph defendant’s premises. It further appears that because of conflicting schedules it was difficult to select a time when both counsel might be present. Notwithstanding such difficulties, however, counsel for appellants did in fact view the premises prior to trial. Under such circumstances, this particular ground for continuance was properly held by the trial court to be without merit.
Likewise without merit is the contention the trial court erred in hearing defendants’ witnesses notwithstanding the *691 absence of a reconventional demand in defendants’ answers. When the trial court ordered the trial to proceed, plaintiffs’ refusal to participate did not deprive the trial court of the authority to hear the defense tendered by appellees. There was no valid reason for appellants’ counsel to decline to proceed with the trial of her clients’ cases. The matter had been set for trial some five weeks previously during which counsel should have had ample time to prepare for the presentation of her case. Nothing in the record indicates that counsel was deprived of an opportunity to present evidence material to her clients’ causes. Considering defendants’ admission and stipulation regarding the insurance policy, the sole issue before the Court was the alleged negligence of defendant, Fontane. It is not shown that counsel for plaintiffs was in any way hindered in her investigation of the facts attending the accident or that she was precluded by action on defendants’ part from obtaining evidence, information or knowledge to which she was entitled. Plaintiffs had no peremptory ground for continuance and, under the circumstances shown, we can find no abuse of the discretion permitted the trial court pursuant to which a continuance may have been granted under the provisions of LSA-C.C.P. Article 1601. The trial Court, therefore, properly ordered the trial to proceed and, when plaintiff refused to participate, correctly heard the evidence offered by defendant which sought to establish its defense of an absence of negligence on the part of Fontane.
Finally, there remains the question of the alleged error of the trial court in concluding defendants’ evidence disclosed a lack of negligence on the part of appellee, Fon-tane.
We deem it unnecessary to relate the evidence of the witnesses in detail. It suffices to say the record shows defendant Fontane operates a small riding academy in the City of Baton Rouge. He owns a few horses which he rents to small children (it appears he does not cater to children above fourteen years of age) and, in addition, stables horses for other persons. The horses owned by Fontane are all gentle being selected with the view of renting them to small children as saddle horses. Plaintiff and her son, Dan, were tenants of defendant Fontane in that they resided in a house belonging to said appellee and situated on the grounds of the riding academy. The injured lad, Dan, was familiar with the horse in question, Blackboy, having ridden said animal on numerous prior occasions. It appears that the youth, Dan, customarily “hung around” the stables doing odd chores and extending courtesies to guests in return for which he received tips and the privilege of riding defendant’s horses that were not engaged by paying guests. It was also shown the animal Blackboy was approximately 12 years old and of very gentle nature and disposition — this particular horse being the one usually chosen to accommodate children of tender years because of his extremely slow gait.
The record fails to sustain the charge that the bridge in question was negligently and dangerously constructed. Instead of being a narrow bridge with spikes or other objects protruding from the side rails, the testimony shows the bridge is over 12 feet in width and constructed in a perfectly safe and sound manner.
Defendant Fontane, his employee, Henry Blades, and Miss Madeliane Rubenstein (a disinterested party who stables horses with defendant), all of whom witnessed the accident, testified in substance that the accident occurred when Dan Williams negligently steered or guided the horse Black-boy into the bridge railing. They stated, in substance, that the boy was approaching the bridge from an extreme side angle and misjudged his distance causing the horse’s right shoulder to strike the end of the bridge railing. Following the horse’s contact with the bridge, the animal veered away throwing his rider’s right leg in contact with the rail causing the injuries of which plaintiffs complain.
*692 In view of the testimony adduced by defendants, we conclude the trial court properly rejected plaintiffs’ demands.
We find no error in any ruling of the learned trial court. Accordingly, the judgment herein appealed is affirmed at appellants’ cost.
Affirmed.