273 So.2d 54 (1973)
Albert H. ESTOPINAL
v.
Wayne M. THOMAS and Liberty Mutual Insurance Company.
No. 5264.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1973.
*55 Sehrt, Boyle, Wheeler & Butler (Richard J. Ganucheau), New Orleans, for plaintiff-appellant.
Bruce J. Borrello, Stephen L. Huber, James J. Morse, New Orleans, for Wayne M. Thomas and Liberty Mutual Ins. Co., defendants-appellees.
Before SAMUEL, GULOTTA and SCHOTT, JJ.
SCHOTT, Judge.
The plaintiff's suit for damages resulting from an automobile accident was dismissed by the trial court. Plaintiff appealed on the sole ground that the trial judge erred in denying a written motion for continuance filed on the day before trial and reading as follows:
"Plaintiff intends to call as a witness Elaine Stevens, formerly residing at 3004½ Annette Street, New Orleans, Louisiana. Despite the exercise of due diligence, Plaintiff has been unable as yet to ascertain the present address of Elaine Stevens. It is therefore unable to obtain evidence which is material to this case. Mover states that plaintiff had no affect or in no way caused or contrived to have the witness, Elaine Stevens, absent herself or conceal her whereabouts."
No supporting documentation such as a certificate or an affidavit was annexed to this motion.
The record shows that when the case was called for trial the plaintiff did not renew his motion or make any statement into the record concerning the motion for a continuance and its denial on the previous day. When the plaintiff rested his case the trial judge made the following statement:
"Let the record reflect that Plaintiff has rested subject to rebuttal and subject to the further right to hold the case open for a period of 30 days from today's date to produce Elaine Stephens, a witness for Plaintiff."
The trial was disposed of in one day, on June 22, 1971, but the trial court did not render a judgment until August 31, 1971. The record shows further that at the conclusion of the trial the case was "continued *56 for further evidence." Counsel for plaintiff informed this Court in oral argument that he realized that the matter was being kept open for 30 days so as to permit him to locate his witness and to take her testimony. There is nothing further in the record with respect to the missing witness or the proposed continuance, but the judgment was not signed until 40 days after the date of the trial.
LSA-C.C.P. Article 1602 relied on by plaintiff provides that a continuance shall be granted:
"If at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to this case; or that a material witness has absented himself without the contrivance of the party applying for the continuance."
Comment (b) to this article restates that a party applying for a continuance must show due diligence in order to avail himself of its provisions. The record is devoid of any such effort made by the plaintiff in the instant case and while a peremptory ground for continuance is a failure of a party to obtain evidence material to his case this is available only when the party requesting the continuance shows that he has exercised "due diligence." Thompson v. Warmack, La.App., 231 So.2d 636.
In addition, the practical result of the trial judge's action in keeping the matter open for thirty days at the conclusion of the trial was to grant plaintiff's motion for a continuance so that there is no basis for his contention that his right to a continuance was violated.
In the discharge of our constitutional duty we have reviewed the entire record and find that the plaintiff's suit was properly dismissed. Accordingly, the judgment is affirmed.
Affirmed.