340 So.2d 632 (1976)
The TOWN OF RICHWOOD, Plaintiff-Appellee,
v.
John GOSTON and Verdiacee W. Hampton Goston, Defendants-Appellants.
No. 13059.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1976.
Rehearing Denied January 10, 1977.
Writ Refused March 11, 1977.
*633 Kidd, Katz & Strickler by Paul H. Kidd, Monroe, for defendants-appellants.
Shotwell, Brown & Sperry by L. Michael Ashbrook, Monroe, for plaintiff-appellee.
Before BOLIN, HALL and JONES, JJ.
En Banc. Rehearing Denied January 10, 1977.
HALL, Judge.
After a hearing, the district court rendered judgment ordering the issuance of a writ of mandamus commanding defendants, the former Mayor and Chief of Police, to deliver to the elected Mayor of the town of Richwood, all books, records, papers, books of account, funds, and other effects of the town of Richwood in defendants' possession.
Defendants appealed, specifying as error (1) the overruling by the trial court of defendants' "exception of jurisdiction" based on failure of plaintiff's petition to allege the domicile of defendants as required by LSA-C.C.P. Art. 891; and (2) the trial court's denial of defendants' motion for a continuance based on their regular attorney being out of town on vacation. No specification of error is directed at the merits of the issuance of the writ of mandamus. We affirm the judgment of the district court.
The town of Richwood filed the mandamus action against the former Mayor and Chief of Police on July 15, 1976. A hearing on the rule to show cause was set for July 21. On July 16, defendants filed a lengthy answer in proper person responding to the allegations of plaintiff's petition.
On the day set for the hearing defendants were not present in court nor were they represented by counsel. Paul Kidd of the law firm of Kidd, Katz & Strickler, as a "friend of the court", filed an "exception of jurisdiction" and a motion for continuance, both signed by defendants in proper person, which the law firm had assisted in preparing. The law firm, which represents defendants on this appeal, declined to enroll as counsel at the hearing or to argue the motion and exception on defendants' behalf. The trial judge denied the motion for continuance, overruled the exception, and after the hearing on the merits at which evidence was taken, issued the writ of mandamus.
LSA-C.C.P. Art. 891 provides that a petition should set forth the domicile of the parties. Plaintiff's petition did not comply with this provision. However, an objection based on failure of a petition to comply with Article 891 is a dilatory exception. LSA-C.C.P. Art. 926(4). If a dilatory exception is not pleaded prior to answer, it is waived. LSA-C.C.P. Art. 928. Nicosia v. Guillory, 322 So.2d 129 (La.1975). Defendants waived the objection when they filed their answer and the trial judge correctly overruled the "exception of jurisdiction." Defendants do not argue that they are not, in fact, domiciled in Ouachita Parish, or that the court lacked proper venue. An objection of improper venue is a declinatory exception which also must be pleaded prior to appearance or answer or is waived. LSA-C.C.P. Arts. 925 and 928.
The defendants' motion for a continuance grounded on their attorney's absence *634 on vacation was not based on one of the peremptory grounds provided in LSA-C.C.P. Art. 1602. The granting of the continuance was, therefore, within the discretion of the trial court. The trial court's ruling will not be disturbed in the absence of a clear showing of abuse of that discretion. The Supreme Court has stated that "appellate courts only interfere in such matters with reluctance and in what are considered extreme cases." Sauce v. Bussell, 298 So.2d 832 (La.1974).
There was no abuse of discretion in this case. Defendants did not appear to argue or offer evidence in support of the motion for continuance. See LSA-C.C.P. Art. 1605. It was not established that defendants could not have secured adequate representation or that they were prejudiced by the matter being heard on the scheduled date.
For the reasons assigned, the judgment of the district court is affirmed at appellants' costs.
Affirmed.