CULPEPPER, Judge.
The principal issue presented by this appeal is whether the trial judge abused his discretion in severing the trial of the principal demand for divorce from the trial of the incidental actions for child support and visitation rights.
On July 29, 1977, the plaintiff, Leo L. Lowentritt, Jr., obtained a judgment of separation from bed and board against the defendant, Nancy Oray Lowentritt, on the grounds of abandonment. In the judgment of separation, Nancy was awarded custody of the two minor children and alimony pen-dente lite and child support in the sum of $2,000 per month. Leo was granted visitation rights every other week end, on certain holidays and for one month during the summer.
Immediately following the judgment of separation, the parties executed a settlement of the community of acquets and gains, which included an agreement that upon a final divorce rendered to either party the child support would be reduced to $1,500 per month.
On August 1, 1978, Leo filed the present suit for final divorce on the grounds of living separate and apart for one year after the judgment of separation from bed and board. In his petition, Leo also prayed for reduction of the child support payments to $1,500 per month, as agreed upon between the parties, and he asked for certain minor changes in visitation rights.
The defendant wife filed an answer admitting plaintiff’s entitlement to a divorce. The wife also filed a reconventional demand seeking an increase in child support to the sum of $2,500 per month and also seeking certain minor changes in the father’s visitation rights.
On August 30,1978, the plaintiff husband filed a motion to sever the trial of the principal demand for divorce from the trial of the incidental actions regarding child support and visitation. In support of the motion, the husband argued that there was no dispute as to plaintiff’s entitlement to a divorce, that the judgment of divorce would terminate alimony pendente lite to the wife and that the agreement of the parties provided child support of $1,500 per month from the date of divorce. The husband contended it would be manifestly unfair to the husband to delay the trial of the principal demand for divorce and thus continue alimony to the wife. For the reasons urged by the plaintiff husband, the trial judge, at a hearing on September 18, 1978, granted the motion to sever and fixed the trial of the principal demand for divorce on September 28, 1978 as an uncontested matter.
On the date of the trial of the principal demand for divorce, the defendant wife filed an objection to the severance on the grounds that it was an unauthorized use of summary proceedings. The trial judge overruled the wife’s objection and proceeded to hear the testimony of the witnesses. The judgment of divorce was signed on September 28, 1978. The judgment reserved until October 16,1978 the trial of the issues of child support and visitation. The defendant wife appealed from this judgment.
LSA-C.C.P. Article 1038 provides:
“The court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits, and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other.
“When the principal and incidental actions are tried separately, the court may render and sign separate judgments *159 thereon. When in the interest of justice, the court may withhold the signing of the judgment on the action first tried until the signing of the judgment on the other.”
Jurisprudence under Article 1038 has established the rule that the trial judge has much discretion in ordering separate trials of the principal and incidental actions in the interest of fairness, orderly proceedings and avoiding unnecessary delay. TriParish Heating & Air Conditioning v. Brown, 338 So.2d 126 (1st Cir. 1976); Offshore Crew Boats, Inc. v. Harredge, 306 So.2d 774 (4th Cir. 1975); and Viera v. Kwik Home Services, Inc., 266 So.2d 732 (4th Cir. 1972).
Under these rules, we conclude there was clearly no abuse of discretion by the trial judge in granting the severance. The judge’s reasons for granting the severance were that there was no contest as to plaintiff’s entitlement to the divorce, a delay in the judgment of divorce would have required the husband to continue the payment of alimony pendente lite, and there could be no prejudice to the wife who was entitled to child support from the date of divorce under the previous agreement. Additionally, the judgment of divorce on September 28, 1978 reserved until October 16, 1978 the trial of the issues of child support and visitation, and a minute entry in the record on appeal shows that the trial was actually held on October 24,1978, and judgment was entered granting the wife child support in the sum of $1,500 per month “commencing on date of judicial demand”, which was prior to rendition of the judgment of divorce.
On appeal, the defendant wife’s principal argument is that she was prejudiced by the severance because the judgment of divorce terminated the prior award of alimony and child support, citing Dupois v. Breaux, 341 So.2d 68 (3rd Cir. 1976). This argument has no merit. The community property settlement included an agreement that as of the date of the final divorce the wife would receive $1,500 per month child support. Furthermore, the judgment appealed contained a reservation to the wife of her rights to child support, and a minute entry in the record clearly shows that when the wife’s reconventional demand for child support was heard on October 24,1978, she was awarded child support in the sum of $1,500 per month “commencing on date of judicial demand”, which date was before the judgment of divorce. There was no period of time during which the wife did not receive child support, although, of course, alimony pendente lite terminated on the date of the divorce.
The wife also argues that the trial of the divorce was by summary proceedings, contrary to LSA-C.C.P. Article 969, which prohibits the trial of actions for divorce by summary proceedings. This argument has no merit. The principal demand for divorce was filed by ordinary process, an answer was filed, the case was duly fixed for trial as an uncontested matter, and the testimony of witnesses was adduced in open court with counsel for both parties present. This was not a summary proceeding. On the contrary, it was an ordinary proceeding.
The wife’s final argument is that the setting of the principal demand for divorce on Thursday, September 28, 1978 violated the rules of the Ninth Judicial District Court, Rule V(a) which states in part: “Except as where otherwise provided by law, no suit requiring a trial on the merits may be assigned for trial except at a pretrial conference.” The defendant wife contends the trial judge did not assign the case for trial at a pretrial conference. The record shows that at the conclusion of the hearing of plaintiff’s motion for severance on September 18, 1978, the trial judge granted the motion and set the principal demand for divorce for trial as an uncontested matter on Thursday, September 28, 1978. As we understand Rule V (a) of the Ninth District Court, it pertains to the trial on the merits of contested matters. The principal demand in the present case was uncontested. It was properly set for trial as an uncontested matter under Rule 111(d) of the court, which states that on each day *160 except Monday the order of business shall include “confirmation of defaults and disposition of uncontested matters which require proceedings in open court.” Of course, the defendant wife cannot contend that she did not receive adequate notice of the trial, as required by LSA-C.C.P. Article 1571, because counsel was present on September 18, 1978 when the case was set for trial and at the trial ten days later on September 28, 1978.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.