388 So.2d 402 (1980)
Neil H. SATHER
v.
William B. WHITE, Jr., and State Farm Mutual Automobile Insurance Company.
No. 13400.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
*403 Dan R. Dorsey, River Ridge, for plaintiff, appellant.
Iddo Pittman, Jr., Hammond, for defendant, appellee.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Plaintiff-appellant, Neil H. Sather, filed suit against William B. White, Jr. and State Farm Mutual Automobile Insurance Company seeking $126,000 in damages for personal injuries.
On April 5, 1979, the Deputy Clerk of Court, Charlotte M. Duhe, sent the following notice to all counsel:
 "Re: Neil H. Sather
 vs. # 53,668
 William B. White, Jr., et al.
Gentlemen:
Please be advised that the Trial in the above captioned matter, has been assigned for THURSDAY, MAY 31, 1979. Court convenes at 9:30 A.M., with Judge A. Clayton James, Division "E" presiding.
If you cannot be present on the date given, you must notify other counsel and file a Motion for Continuance within one week of receipt of this notice."
On May 31, counsel for plaintiff sought a continuance on two grounds: 1) that an "indispensable witness to the litigation" was not in Louisiana and was unable to be subpoenaed, and 2) that counsel for plaintiff was scheduled to appear at that same time in court in New Orleans.
The trial court refused to grant a continuance based on either ground. He did offer to hold the record open for thirty days so the missing witness' testimony might be taken by deposition. At that point, plaintiff's counsel stated:
"With all due respect to the court, I'm going to have to return to New Orleans.'
The court them dismissed plaintiff's suit with prejudice at his cost.
Supervisory writs of mandamus, certiorari and prohibition were denied by the Court of Appeal, First Circuit. This appeal followed.
On appeal, counsel for plaintiff urges that since the witness' absence was uncontrived, a continuance was required under the peremptory grounds of LSA-C.C.P. Art. 1602, which provides:
"A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance."
Art. 1602 makes the granting of a continuance mandatory. McCaleb v. Department of Public Safety, 309 So.2d 748 (La.App. 4th Cir. 1975). Several conditions must be met, however, before Art. 1602 will be applied. The material witness must have absented himself contrary to the wishes of the party seeking a continuance. That a subpoena has been issued is not alone a sufficient basis to invoke Art. 1602. Loicano v. Maryland Casualty Insurance Company, 301 So.2d 897 (La.App. 4th Cir. 1974). Materiality of the missing evidence must be demonstrated. Gallin v. Travelers Insurance Company, 323 So.2d 908 (La.App. 4th Cir. 1975), writ denied 329 So.2d 452 (1976). The party requesting a continuance must have exercised due diligence, yet been unsuccessful in obtaining the material evidence. Estopinal v. Thomas, 273 So.2d 54 (La.App. 4th Cir. 1973).
*404 Clearly, appellant has not shown, as he must, that his reason for a continuance falls within the purview of Art. 1602. Williams v. Fontane, 175 So.2d 686 (La.App. 1st Cir. 1965). Plaintiff made no showing that the witness was absent contrary to his wishes or that the testimony he would have given was material. In fact, while counsel for plaintiff was notified on April 5, 1979, that trial was scheduled for May 31, he submitted no subpoena list until May 14 and the allegedly material witness was not even included then. Not until May 22 did counsel seek to have the witness subpoenaed. The sheriff's return stating "unable to locate on time" was made on May 30, 1979. Such a short notice subpoena request and so tardy a motion for continuance are grounds for denial. Perigoni v. McNiece, 262 So.2d 407 (La.App. 4th Cir. 1972); Thompson v. Warmack, 231 So.2d 636 (La.App. 3rd Cir. 1970).
It is noteworthy that the trial court, as in Estopinal v. Thomas, supra, offered to keep the record open for thirty days. Such an offer amounted to a continuance but counsel chose to spurn the offer.
The trial court was correct in denying a continuance under Art. 1602.
LSA-C.C.P. Art. 1601 provides that "A continuance may be granted in any case if there is good ground therefor." The trial court has great discretion in this area and his decision will not be disturbed except in a case of clear abuse. Town of Richwood v. Gaston, 340 So.2d 632 (La.App. 2nd Cir. 1976), writ denied 342 So.2d 871 (1977); Powell v. Giddens, 271 So.2d 596 (La.App. 1st Cir. 1972). As in Powell, the trial court in the present case was well within his discretion to refuse a continuance on the day of trial, so that the requesting attorney might appear in another court, especially when no notice was given to the court, as had been required eight weeks previously. A trial judge has the inherent power to take reasonable actions to control his docket. Brower v. Quick Service Body Shop, 377 So.2d 878 (La.App. 4th Cir. 1979).
For the foregoing reasons, the trial court judgment is affirmed. All costs, both trial and appellate, are to be paid by Neil H. Sather.
AFFIRMED.