DOUCET, Judge.
Philip Wray brought this suit to recover damages for personal injuries that he allegedly sustained in an automobile collision on July 7, 1979. The defendants are Thomas Clinton Cox, Government Employers Insurance Company (Cox’s liability insurer) and State Farm Mutual Automobile Insurance Company (plaintiff’s uninsured motorist insurer). The case was tried before a jury, which found that plaintiff had not been involved in an automobile collision on July 7, 1979. Judgment was accordingly rendered in favor of the defendants and against plaintiff, dismissing his suit at his costs. From that judgment, plaintiff appeals.
The sole issue on appeal is whether or not the trial judge erred in refusing to grant plaintiff’s motion for a continuance.
The record shows that plaintiff’s suit was filed on January 21, 1980. The trial began on Monday, October 13, 1980 and ended on Tuesday, October 14. The witnesses were placed under the rule of sequestration at the start of the trial. Well into the second day of the trial, plaintiff moved for a continuance on the ground that a material witness, Henry Wallace, had not appeared in court to testify. It was determined that on October 10, 1980 at 3:24 P.M. plaintiff had requested the issuance of a subpoena commanding Wallace to appear at the trial. The subpoena was issued on that date but was not served on Wallace until October 13, 1980 at 6:30 P.M. The summons ordered Wallace to appear at 1:00 P.M. on October 13, 1980. The trial judge denied plaintiff’s motion for a continuance on the ground that he had not exercised due diligence in securing the witness’ presence at the trial.
On appeal, plaintiff argues that since the witness’ absence was uncontrived, the granting of a continuance was mandatory under the peremptory grounds set out in LSA-C.C.P. Art. 1602, which provides:
“A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.”
The requisites for obtaining a continuance under LSA-C.C.P. Art. 1602 were recently discussed in Sather v. White, 388 So.2d 402 (La.App. 1st Cir. 1980) as follows:
“Art. 1602 makes the granting of a continuance mandatory. McCaleb v. Department of Public Safety, 309 So.2d 748 (La.App. 4th Cir. 1975). Several conditions must be met, however, before Art. 1602 will be applied. The material witness must have absented himself contrary to the wishes of the party seeking a continuance. That a subpoena has been issued is not alone a sufficient basis to invoke Art. 1602. Loicano v. Maryland Casualty Insurance Company, 301 So.2d 897 (La.App. 4th Cir. 1974). Materiality of the missing evidence must be demonstrated. Gallin v. Travelers Insurance Company, 323 So.2d 908 (La.App. 4th Cir. 1975), writ denied 329 So.2d 452 (1976). The party requesting a continuance must have exercised due diligence, yet been unsuccessful in obtaining the material evidence. Estopinal v. Thomas, 273 So.2d 54 (La.App. 4th Cir. 1973).”
We conclude that in light of those principles, plaintiff has not demonstrated that the trial judge erred in refusing to grant him a continuance under LSA-C.C.P. Art. 1602. His subpoena request was not made until three days before the trial, and he did not move for a continuance until the second day of the trial. Shortness of notice for the subpoena request and tardiness of the motion for a continuance have been recognized as grounds for denial of the motion. Sather v. White, supra; Thompson v. Warmack, 231 So.2d 636 (La.App. 3rd Cir. 1970).
*527 For the above and foregoing reasons, the judgment appealed by plaintiff is appealed. All costs of this appeal are assessed against plaintiff.

AFFIRMED.

SWIFT, J., concurs.