BOWES, Judge.
Plaintiff, Sandra Holmes LeBlanc, as defendant-in-rule, appeals from the December 15, 1981, judgment of the District Court reducing child support payments from $300.00 to $200.00 per month.
This court need only address one assignment of error, namely that the trial court erred in denying appellant a continuance when appellee failed to produce at trial income records and bank statements in response to subpoenas duces tecum personally served on plaintiff-in-rule and his present wife three weeks prior to the rule date.
LSA C.C.P. art. 1602 states in pertinent part:
“A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; ...” (emphasis added)
In discussing LSA C.C.P. art. 1602, our brothers of the First Circuit stated:
“[1.2] Art. 1602 makes the granting of a continuance mandatory. McCaleb v. Department of Public Safety, 309 So.2d 748 (La.App. 4th Cir.1975). Several conditions must be met, however, before art. 1602 will be applied... That a subpoena has been issued is not alone a sufficient basis to invoke art. 1602. Loicano v. Maryland Casualty Insurance Co., 301 So.2d 897 (La.App. 4th Cir.1974). Materiality of the missing evidence must be demonstrated. Gallin v. Travelers Insurance Company, 323 So.2d 908 (La.App. 4th Cir.1975), writ denied 329 So.2d 452 (1976). The party requesting a continuance must have exercised due diligence, yet been unsuccessful in obtaining the material evidence. Estopinal v. Thomas, 273 So.2d 54 (La.App. 4th Cir.1973),” Sather v. White, 388 So.2d 402 (La.App. 1st Cir.1980).
The record demonstrates that in the past the appellant has consistently used due diligence in seeking to obtain material evidence. Although the subpoena issued for the hearing on November 6, 1981, which produced the judgment herein appealed, and the return on those subpoenas, do not appear in the record, other documents in the record, and testimony at the hearing, support the following findings:
1. That subpoenas duces tecum were timely issued to appellee and his present wife;
2. Both appellee and the present Mrs. LeBlanc were personally served with the subpoenas on October 16, 1981; and
3. George A. LeBlanc was to produce the following: all payroll records, record of sick pay, workmen’s compensation, or any payments or income received from any source whatsoever *470 from January 1,1981, to November 6, 1981, bank statements from January 1, 1980; and that Ronessa LeBlanc, the present wife, was to produce all records of income from any source whatsoever, as well as income tax returns, bank statements, payroll stubs, social security payments, as well as any and all payroll records from January 1, 1980 to November 8, 1981.
Neither George nor Ronessa LeBlanc produced one document in response to the subpoenas.
It is obvious that, in a Rule to Reduce Child Support, the documents requested were not only material to appellant’s case but essential to the trial of the Rule and, under article 1602, LSA C.C.P., and the jurisprudence quoted above, the granting of the continuance is mandatory and the trial judge had no discretion in this case.
We have, therefore, determined that, under all the circumstances reflected by this record, the appellant was unfairly deprived of the opportunity to present her defense and to therefore have her full day in court.
For the reasons assigned, the judgment of the trial court is annulled and set aside and this case is remanded to the district court with instructions to the district judge to set a new hearing of this rule within sixty days from the date of this opinion. The appellee, plaintiff-in-rule, is cast with all costs of these proceedings.
JUDGMENT ANNULLED AND SET ASIDE: CASE REMANDED.