426 So.2d 762 (1983)
HERB'S MACHINE SHOP, INC., Plaintiff-Appellee,
v.
The JOHN MECOM COMPANY, Defendant-Appellant.
No. 82-537.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Writs Denied April 5, 1983.
Camp, Carmouche, Palmer, Barsh & Hunter, Wade Kelly, Lake Charles, for defendant-appellant.
McHale, Bufkin & Dees, Robert McHale, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, FORET and DOUCET, JJ.
*763 FORET, Judge.
This suit entitled a "Petition on Open Account" was filed by Herb's Machine Shop, Inc., seeking to collect monies allegedly owed by The John Mecom Company, to plaintiff. The alleged indebtedness arose from transactions wherein plaintiff, at the request of defendant's agent, remodeled and reconditioned old machine parts and, on some occasions, manufactured new parts for machinery belonging to the defendant.
Plaintiff made demand upon defendant for payment of the amount alleged to be due without avail, and on November 20, 1981, plaintiff, through its attorney, placed defendant on notice that suit would be filed if payment was not forthcoming. Notice was again sent to defendant by plaintiff's attorney on December 10, 1981, without result. Suit was then filed on February 23, 1982, and defendant filed answer on March 29, 1982. Once issue was joined, the court set a trial date of May 24, 1982, and sent all counsel a pre-trial order setting a cut-off date of May 3, 1982 for discovery and the filing of incidental demands.
Counsel for defendant obtained an oral extension of the deadline date until May 6, 1982, upon representing to the court that additional time was needed to complete discovery. Counsel for plaintiff argues that the three-day extension applied only to discovery and counsel for defendant argues that the extension applied both to discovery and to the filing of incidental demands.
Defendant filed a reconventional demand on May 6, 1982, and counsel for plaintiff objected to its filing as being untimely. Defendant, on May 21, 1982 (three days before the scheduled trial), filed a motion for continuance on the grounds that they were unable to contact and obtain material witnesses since they were in the State of Texas and were not amenable to service and subpoena by the trial court. Plaintiff then filed a motion to sever the reconventional demand on May 24, 1982, the day of the trial.
The trial court heard argument on the motion for continuance and the motion to sever and denied defendant's motion for continuance and ordered that defendant's reconventional demand be severed from the main demand and dismissed it without prejudice.
Trial commenced as scheduled, and the court granted judgment in favor of plaintiff as prayed for and, in addition, awarded plaintiff attorney's fees in the amount of $1,050.00, together with interest thereon from date of judicial demand.
From this adverse judgment, defendant has appealed.

ISSUES
The issues presented for resolution are the following:
(1) Did the trial court err in severing defendant's reconventional demand from the trial on the main demand and dismissing defendant's reconventional demand?
(2) Did the trial court err in denying defendant's motion for continuance?
(3) Is this suit properly one on open account, thereby allowing plaintiff attorney's fees?

SEVERANCE
By pre-trial order, the court set the delays for the filing of incidental demands at May 3, 1982. An oral extension of the date was granted defendant until May 6, 1982. Controversy arises as to whether the extended deadline date was for both the filing of incidental demands and for discovery. Counsel for defendant argues that the extension applied to both, and counsel for plaintiff argues that the extension applied only to discovery.
Defendant filed a reconventional demand on May 6, 1982, without obtaining leave of court, and counsel for plaintiff was served with it on May 11, 1982. The plaintiff, defendant-in-reconvention, would thereby have had at least until May 26, 1982, in which to file answer to the reconventional demand. The trial of the matter was set for May 24, 1982; thus, it was possible that the trial date could have come and gone *764 with issue yet to be joined on the reconventional demand.
Plaintiff objected to the filing as being both untimely and without leave of court, and the court ordered defendant's reconventional demand dismissed without prejudice and ordered it stricken from the record.
Article 1038 of the Louisiana Code of Civil Procedure provides, in pertinent part, the following:
"Art. 1038. Separate trial; separate judgment

The court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits; and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other." (Emphasis ours.)
The trial judge can order separate trials and render separate judgments on the principal and the incidental demands, if it appears that orderly procedure and fairness would best be achieved by separate trials. LSA-C.C.P. Article 1038; Viera v. Kwik Home Services, Inc., 266 So.2d 732 (La.App. 4 Cir.1972), writ refused, 268 So.2d 258 (La. 1972). The trial judge may also order separate trials of the principal and incidental demands in an effort to avoid unnecessary delay. Lowentritt v. Lowentritt, 370 So.2d 157 (La.App. 3 Cir.1979).
Additionally, LSA-C.C.P. Article 1033 provides, in part, the following:
"Art. 1033. Delay for filing incidental demand
An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.

An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Article 1066 or 1092........" (Emphasis ours.)
From a reading of the above article, it is clear that unless otherwise permitted, an incidental demand may be filed after answer only upon the fulfillment of two conditions: Leave of court is first obtained, and the filing will not retard the progress of the principal action. In this instance, defendant failed to obtain leave of court to file its reconventional demand. Thus, it has failed to meet the first requirement. Inasmuch as the delays for answering the reconventional demand would not have run until after the scheduled trial date, the trial could have had to be continued. Defendant therefore failed to meet the second condition as well.
We see no abuse of discretion on the part of the trial court in severing the reconventional demand. The court dismissed it without prejudice as not being properly filed. Since the reconventional demand was improperly filed, the trial court acted well within its power, insuring that the proceedings before it were conducted orderly and without unnecessary delay.

CONTINUANCE
Defendant, three days prior to the May 24, 1982, trial date, filed a motion for continuance on the following grounds:
a. Issue was not properly joined since the reconventional demand had been filed on May 6, 1982, served on plaintiff, defendant-in-reconvention, on May 11, 1982, thereby giving plaintiff, defendant-in-reconvention, until May 26, 1982 (two days after the scheduled trial), to answer;
b. Defendant was unable, with the exercise of due diligence, to contact and obtain material witnesses, in that they reside in the State of Texas and are not amenable to subpoena by this Court; that the witnesses could not attend on that particular week and because they would have to travel long distances to be present at the trial.
These two grounds will be treated separately:
a. Since we have heretofore found ourselves in agreement with the action of the trial court, in that the defendant's reconventional demand was improperly filed, defendant's motion for continuance on the *765 grounds enumerated in sub-heading (a) are without merit.
b. Article 1062 of the Louisiana Code of Civil Procedure provides as follows:
"Art. 1602. Peremptory grounds
A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance. As amended Acts 1966, No. 186, § 1."
Once the grounds above listed are demonstrated to the court, the granting of a continuance is mandatory. McCaleb v. Department of Public Safety, 309 So.2d 748 (La.App. 4 Cir.1975); Sather v. White, 388 So.2d 402 (La.App. 1 Cir.1980). The court in Sather discussed the requirements of Article 1602 as follows:
"Several conditions must be met, however, before Art. 1602 will be applied. The material witness must have absented himself contrary to the wishes of the party seeking a continuance. That a subpoena has been issued is not alone a sufficient basis to invoke Art. 1602. Loicano v. Maryland Casualty Insurance Company, 301 So.2d 897 (La.App. 4th Cir.1974). Materiality of the missing evidence must be demonstrated. Gallin v. Travelers Insurance Company, 323 So.2d 908 (La.App. 4th Cir.1975), writ denied 329 So.2d 452 (1976). The party requesting a continuance must have exercised due diligence, yet been unsuccessful in obtaining the material evidence. Estopinal v. Thomas, 273 So.2d 54 (La.App. 4th Cir.1973)." (Emphasis ours.)
The case at bar had been fixed for trial since April 12, 1982, approximately six weeks prior to the trial date. Some of the witnesses alleged by defendant to be material were employees of defendant corporation and under their supervision and control. Insofar as these witnesses are concerned, we can hardly imagine that a defendant corporation could not secure the presence of its own employees to testify on its behalf in a legal proceeding instituted against that corporation. Insofar as the alleged material witnesses who defendant claims are not its employees, defendant should have had ample time to depose them or to make voluntary arrangements to have them present. It is true that they were not amenable to subpoena issued by a Louisiana court, but defendant could have taken other steps to secure their testimony.
The alleged material witnesses also had not absented themselves contrary to the wishes of defendant. It is impossible for a witness who was never present in Louisiana to absent himself from Louisiana. Had they been here and returned to Texas so as to avoid testifying, defendant may have had valid grounds for a continuance under Article 1602. What we have here, however, is a failure on the part of the defendant to take the necessary steps to secure the alleged material testimony.
Even assuming arguendo that the testimony was "material", defendant has failed to exercise due diligence in attempting to secure the presence of these witnesses. Alleging due diligence and showing it are two entirely different matters. Absent such a showing, defendant's motion for a continuance was properly denied. The trial court was therefore correct in denying a continuance under Article 1602.

OPEN ACCOUNT
Defendant next contends that this suit is not properly one on "open account", thus making the court's award of attorney's fees under LSA-R.S. 9:2781 improper.
Louisiana courts have stated that, in order for a course of dealings to be considered as an open account, some of the factors to be examined are:
1. Whether there were other business transactions between the parties;
2. Whether a line of credit was extended by one party to the other;
3. Whether there are running or current dealings; and,
4. Whether there are expectations of other dealings.
*766 Womack Brothers, Inc. v. Equipment Rental Services, Inc., 399 So.2d 661 (La.App. 1 Cir.1981); Monlezun v. Fontenot, 379 So.2d 43 (La.App. 3 Cir.1979).
Filed as exhibits P-1, P-2, and P-3 are copies of invoices rendered by plaintiff to defendant for work done which indicate that from at least February 11, 1980, through March 11, 1981, plaintiff rendered services, etc. to defendant. Herbert Laurents, owner and operator of Herb's Machine Shop, plaintiff herein, testified that they had done work for defendant for at least a year prior to the last statement. The work was performed on each occasion, and plaintiff eventually billed defendant and received payment. There is nothing in the record before us to show that plaintiff required immediate payment by defendant or that plaintiff would not have performed further work had defendant requested it. We therefore find that this was an open account and that the trial court properly awarded attorney's fees to plaintiff.
Accordingly, for the reasons assigned, the judgment appealed from is affirmed at appellant's costs.
AFFIRMED.