CURRAULT, Judge.
The State of Louisiana, through the Department of Transportation and Development (DOTD) instituted an expropriation proceeding to obtain full ownership of 7.58 acres of land located in the parish of St. James and owned by various members of the Nassar family. The petition for expropriation, along with the appropriate attachments, was filed September 6, 1977, and the order of expropriation directing DOTD to deposit Ten Thousand Six Hundred Thirty Dollars ($10,630) into the registry of the court was signed and also filed September 6,1977. Additionally, the receipt signed by the clerk of court of St. James Parish for the $10,630 deposited into the registry of the court was also filed September 6, 1977.
Several months later, by a motion signed February 6, 1978 and filed February 8, 1978, defendants withdrew the $10,630 from the court’s registry. This matter laid dormant for several years until May 20, 1983, when defendants filed an answer, which answered the original petition, and a reconventional demand seeking judgment for Sixty-Six Thousand Seven Hundred Four Dollars ($66,704) as the fair market value of the expropriated property. Another year lapsed with no further action taken until November 8, 1984 when defendants initiated discovery. By motion dated, signed and filed January 4, 1985, the defendant had the case fixed for trial April 18, 1985.
At trial, defendants utilized the testimony of their real estate appraiser who was of the opinion the value of the expropriated land was $66,704. DOTD, however, was completely barred by the trial court from presenting any evidence regarding the value of the expropriated land due to procedural technicalities. Subsequently, judgment was rendered in favor of the defendant-landowners increasing the value of the expropriated property to $66,704. DOTD has appealed asserting the following specifications of error:
(1) the trial court erred in refusing to allow appellant (DOTD) either a continuance or the right to leave the record open for a short time in order that appellant might introduce some evidence into the record on its behalf;
(2) the trial court erred in refusing to allow Daniel Oarlock, Jr. to take the stand and testify on behalf of appellant; and
(3) the trial court erred in awarding the defendant/landowner an amount in excess of the deposit when such award was based solely on the opinion of one expert witness which was clearly contrary to the existing jurisprudence in that said opinion was not well grounded in logical reasoning or supported by acceptable evidence.
Defendants propounded interrogatories requesting DOTD to name their appraisers and which of them would be called to testify. DOTD’s initial answer listed Messrs. *1151 LeBlanc and Lipscomb as their appraisers and stated Lipscomb would be called at the time of trial. On April 17, 1985, the day before trial, DOTD filed supplemental answers listing Mr. Oarlock as an additional appraiser and that he would be called as a witness also.
On the day of trial, Mr. Lipscomb was not available, but that DOTD was ready to go forward with Mr. Oarlock. Defendants objected adamantly to the use of Mr. Car-lock as a witness by DOTD. Defendants asserted that the use of Mr. Oarlock was inappropriate because it would cause undue prejudice against them in that they were not given an opportunity to advance any discovery. The trial court refused to allow Mr. Oarlock to testify, concluding:
“The ruling is going to stand and I am not going to allow him to testify because of the fact that there was no knowledge or information given to opposing Counsel of his testimony and his testimony would be in direct contravention of the answers to interrogatories which you, yourself, filed in the record which have been made part of the record in this proceeding.”
The trial court did allow DOTD to utilize Mr. Lipscomb as a witness since he was initially listed. However, Mr. Lipscomb was out of town on the trial date and was not available. A short recess was called, but Mr. Lipscomb could not be reached.
At this point, knowing he would not be allowed to present any testimony regarding the crucial issue of valuation, counsel for DOTD moved for a continuance. Appellant’s attempts to have the matter continued were denied with the trial court stating: “I’m going to deny the motion at this time for any type of continuance ... it’s not going to be set over or left open for any other amount of time.”
Holding a record open so that a missing witness’s testimony might be taken by deposition amounts to a continuance. Sather v. White, 388 So.2d 402 (La.App. 1st Cir.1980); LSA-C.C.P. Article 1601 provides that “[A] continuance may be granted in any case if there is good ground therefor.” The decision to grant or deny motion for continuance, to hold open record for the purpose of taking additional testimony, is within the discretion of the trial court and its decision will not be disturbed except in a clear case of abuse. Sather, supra.
Appellant argues that the trial court abused its discretion in denying its motion in that: (1) the case had sat virtually idle for seven years; that (2) this was the first and only request for a continuance; that (3) no pretrial conferences had been held; and that (4) alternatives were available which would not unduly prejudice the defendants-appellees.
In Harrison v. South Central Bell Tel. Co., 390 So.2d 219, 222-23 (La.App.3d Cir.1980), writs refused 396 So.2d 900 (La.1980), the court stated:
“We are unable to say it would have been an abuse of that discretion if the trial court had granted appellant’s motion for continuance. Conversely, we are also of the opinion that the trial judge did not clearly abuse his discretion in denying appellant’s motions for a continuance.
“However, in view of its denial of the motions for continuance, the trial court should have left the case open for the introduction of additional evidence on the medical aspects of the case.”
“The record shows no motion made by the appellant to keep the case open for the introduction of additional evidence. However, the pre-trial order filed on January 10, 1980, does show that the trial court refused to hold the case open for the filing of late depositions. Further, the record also shows that the trial court’s order of August 8, 1979, requiring that all discovery and depositions be completed by January 4, 1980, was never amended. The decision to hold open or re-open a case for the production of additional evidence rests within the sound discretion of the trial judge, which deci *1152 sion will not be disturbed on appeal unless manifestly erroneous....
“We hold that it was manifestly erroneous for the trial court to refuse to hold the record open for the introduction of additional evidence after it had denied the motions for continuance. It is our opinion, after thoroughly reviewing the record, that the very serious issues of cause — in fact of the plaintiffs’ injuries, quantum, and mitigation of damages, were decided on the basis of a limited amount of evidence. The objective of our judicial system is to render justice between the litigants upon the merits of the controversy, rather than to defeat justice upon technicalities....
“We feel that the ends of justice will best be served by remanding this case to the trial court.” (Citations omitted)
In the matter sub judice, the trial court’s denial of the state’s motion for a continuance left the state in the precarious position of not being able to present any evidence on the sole issue involved: valuation. The state was denied an opportunity to present its case and was, in effect, denied its day in court. To decide the value of expropriated land on such dangerously limited evidence is in direct contravention to the objectives of our judicial system as articulated in Harrison, supra. Without doubt, the ends of justice will best be served by remanding this case to the trial court.
Accordingly, for the foregoing reasons, the judgment appealed is vacated and set aside and the case remanded to the trial court for a re-determination of the value of the expropriated land. The trial court is instructed to re-determine this issue on the basis of the original evidence and any additional evidence, including testimony, adduced by the parties. The case is to be reopened by the trial court for the introduction of such evidence within a reasonable period of time. Costs of this appeal are to await final outcome of this matter.
SET ASIDE; VACATED AND REMANDED.