STOKER, Judge.
Tommy Hilt appeals a judgment dismissing his claim for worker’s compensation benefits.
*509 Hot grease allegedly splashed in Hilt’s eyes during the course and scope of his employment at Royal Cajun Fried Chicken in Marksville on January 5, 1984. Hilt subsequently underwent surgery for the removal of cataracts, which he claims resulted from the grease burns. In addition, Hilt claims he suffered “severe injuries to his right arm and right leg.” This claim was based on an arthritic condition. Hilt filed suit against his employer for worker’s compensation benefits, asserting that he is totally and permanently disabled.
Counsel for the plaintiff, Gilda R. Small, had some difficulty in securing the testimony of two doctors. After trial, the record was left open so that depositions could be filed. The additional evidence was not filed within the 30 days granted by the judge. Ms. Small’s request for an extension was denied and judgment was rendered in favor of the defendants, Floyd Roule, d/b/a Royal Cajun Fried Chicken, and Adjustco, Inc. Counsel noted her intention to apply to this court for writs. The trial judge set May 23,1986 as the deadline for the application, and notice was sent to Ms. Small’s home address. She filed for an extension of the deadline, alleging that she had not received notice of it until May 16, and that she had four hearings within the subsequent seven days which prevented the preparation of the application. The motion was denied. Writ was denied due to the untimely filing of the application. The trial judge dismissed the plaintiff’s claim, finding no evidence that Hilt’s disabilities were job related.
On appeal, Hilt raises the denial of the motion for an extension of time to apply for writs, the denial of the motion for an extension of time to hold the record open, and the dismissal of his claims on the merits.
WRIT APPLICATION
The issue raised in the writ application is also before us on appeal. We are empowered to review the trial judge’s decision not to hold the record open for additional testimony and to correct any error he may have made. Thus, any technical problems involved in the application process are now moot.
CONTINUANCE
Hilt filed a motion to hold the record open for additional medical testimony on March 17, 1986, the day of trial. He alleged difficulty in arranging for the testimony of Drs. Albert Aran and Bruce Wallace. The trial judge ordered that the record be kept open until April 17, 1986 for the filing of the depositions of the two doctors.
On April 17 Hilt filed for an extension of time to hold the record open based on an inability to depose the doctors. The trial judge refused to grant the extension, and rendered judgment on the basis of the testimony already in evidence.
The appellant argues that the trial judge was required to grant a continuance under LSA-C.C.P. art. 1602, as the doctors’ testimony was material, and the appellant did not contrive their absences.
The practical result of leaving the record open was to grant a continuance. Sather v. White, 388 So.2d 402 (La.App. 1st Cir.1980); Estopinal v. Thomas, 273 So.2d 54 (La.App. 4th Cir.1973). LSA-C.C.P. art. 1602 provides the peremptory grounds for which a continuance must be granted. The trial judge may grant a continuance for any non-peremptory grounds under LSA-C. C.P. art. 1601.
In the case before us, the appellant has failed to demonstrate that the absent doctors’ testimony was material. Dr. Bruce Wallace had already been deposed, and his deposition was admitted into evidence. He stated that he examined Hilt once, a year after the grease splash incident, that there was no scarring or other evidence of burn, and that it was unlikely that the accident had caused Hilt’s cataracts. There has been no showing that a second deposition would add anything to the testimony of the four treating physicians already in evidence.
Dr. Albert Aran removed the cataract from Hilt’s left eye on April 16, 1984. The hospital records concerning the operation *510 were admitted into evidence. Dr. Aran was unavailable for deposition, and at some point apparently was transferred out of the state. At trial, counsel for Hilt based her request that the record be kept open on the need to adduce evidence as to the extent of Hilt’s disability after cataract surgery. In light of the extensive testimony already contained in the record on this point, we believe that Dr. Aran’s testimony would have been cumulative and therefore was not material. Neither are we convinced that due diligence was exercised in locating him. Once notified that the doctor had been transferred, counsel for Hilt evidently took no further steps to find him, even though she was given a month in which to do so.
Since the appellant failed to show that he had peremptory grounds for a continuance, the trial judge was given great discretion in keeping the record open. State, Dept. of Transp. & Develop. v. Nassar, 483 So.2d 1149 (La.App. 5th Cir.1986), writ denied, 486 So.2d 750 (La.1986); Sather v. White, supra. We find no abuse of that discretion.
THE MERITS
The trial judge concluded that the grease burn caused minor injury to Hilt, which did not disable him beyond the 12 weeks during which he was paid following the accident. He found that the evidence established that Hilt had cataracts prior to the accident, and that the arthritis was the result of a broken hip suffered during previous employment.
These findings are not subject to reversal unless they are manifestly erroneous. After careful review of the record, we conclude that the trial judge did not err.
Four doctors testified concerning Hilt’s eye complaints. Three stated unequivocally that Hilt’s cataracts were not caused by the grease splash. The two doctors who examined Hilt shortly after the grease splash testified that Hilt told them he had experienced eye trouble for at least three years before the incident. There were no scratches or scars on the corneas which might indicate that the burns had been severe enough to cause cataracts to develop immediately. In addition, three co-employees had noticed that Hilt’s eyes had an unusual appearance, and that he had vision problems before the accident. We find no error by the trial judge in holding that the only job-related injury sustained by Hilt was a minor eye burn.
Fifteen years before filing suit, Hilt had fallen from a scaffold and broken his hip. He was treated by two doctors in 1984 and 1985 for arthritis pain in his hip and knee. Both doctors stated that the broken hip made him more susceptible to arthritis. Hilt produced no evidence of his alleged arm injury. We find no error in the trial judge’s conclusion that Hilt’s arthritis was not related to his employment at Royal Cajun Fried Chicken.
CONCLUSION
The judgment of the trial court dismissing the claims of the appellant is affirmed. Costs of this appeal are assessed to the appellant.
AFFIRMED.