CRAIN, Judge.
This devolutive appeal was filed by the plaintiff after the trial court rendered judgments wherein it denied his motion for continuance, motion to compel discovery, and dismissed his claims, with prejudice. The plaintiff alleges that these rulings by the trial court were erroneous and he seeks their reversal. Finding that the plaintiff’s arguments are meritorious, we reverse the judgments of the trial court and remand the matter court for further proceedings.
The events surrounding this conflict are as follows:
On December 8, 1988, plaintiff, James “Jim” West filed an action for damages against defendants, Billy Jones and his employer, Texas Marine and Industrial Supply Company for injuries allegedly sustained when false and defamatory statements regarding his character were allegedly conveyed by the defendant to the plaintiff’s potential employer, Prentice-Hall Publishing Company.
On February 12, 1990, following some discovery, defendants moved to set the case for trial. The matter was initially set for trial on July 12, 1990. The court order, setting the matter for trial, also directed that all discovery be completed by July 5, 1990.
Plaintiff counsel, an employee of the Louisiana House of Representatives and counsel of the House of Representatives Committee on the Judiciary, filed a motion to continue the trial. The 1990 Regular Legislative Session began April 16, 1990 and adjourned July 9, 1990. The motion for continuance was served on opposing counsel on July 5, 1990. An opposition to the motion was filed July 10, 1990 and the *172 trial court granted the motion on July 11, 1990, continuing the matter without date.
Defendants again moved to set the matter for trial and a copy of the motion was forwarded to opposing counsel on July 25, 1990.
On September 13, 1990 an order was issued by the trial court setting the matter for trial on December 17, 1990; with all discovery to be completed by December 10, 1990.
On November 15, 1990 the trial court, on its own motion continued the trial, without date, and so notified counsel.
On January 30, 1991, defendants filed a motion to set a pre-trial conference. The order setting the pre-trial conference for February 19, 1991 was signed on that date and a pre-trial order was issued setting the matter for a bench trial to be conducted August 6 and 7, 1991.[1] The discovery deadline was left unset pending a determination by the court on a defense rule to show cause seeking to limit the discovery deadline. Thereafter, various motions to compel discovery were filed. A hearing on these discovery motions was held on April 19, 1991 and the matter was taken under advisement.
On July 31, 1991, plaintiff filed a motion to continue the trial set for August 6-7, 1991. A copy of the motion was mailed to opposing counsel on July 29, 1991 and, according to defense counsel, was received July 31, 1991. According to the record, the motion was received by the trial court judge on August 2, 1991. Plaintiff sought the continuance on the basis that an Extraordinary Session of the Legislature was being held from July 28, 1991 through August 4, 1991, thus impeding plaintiff counsel’s trial preparation.[2] On August 5, 1991, defendants opposed the motion for continuance on the grounds that it was not timely.
According to the trial judge and defense counsel, plaintiffs counsel was informed telephonically of a contradictory hearing on the motion to be conducted on the morning of trial, August 6, 1991. Plaintiff was also advised that if he did not prevail at the hearing, the trial would proceed as scheduled.
On the morning of August 6, 1991 the matter was called for hearing on the motion for continuance. Neither plaintiff nor plaintiffs counsel were in attendance.[3] A note of evidence was taken and the motion for continuance was denied. Immediately thereafter the matter was called to trial. Defendants, in the absence of plaintiff and plaintiffs counsel, moved for and were granted a dismissal of plaintiffs suit with prejudice. Prior to ruling on the motion to dismiss, the trial judge issued a ruling on the plaintiffs request for supplemental interrogatories and request for production. He denied these discovery motions.
MOTION FOR CONTINUANCE AND DISMISSAL WITH PREJUDICE
On appeal, plaintiff contends that the trial court erred in denying his motion for continuance and thereafter dismissing his suit with prejudice. He argues that his factual situation fits within the peremptory grounds for a continuance provided for in Louisiana Revised Statute Title 13, Section 4163 and that his motion was filed timely.
The basis for plaintiffs motion was that his counsel’s involvement in a Special Legislative Session as an employee of the Louisiana House of Representatives and counsel for the Committee on the Judiciary prevented his adequate trial preparation. As such, he moved for a continuance of the *173 trial on the basis of Louisiana Revised Statute Title 13, Section 4163 which provides as follows:
R.S. 13:4163 Continuance, legislators or employees engaged in legislative or constitutional convention activities
A. (1) In any criminal or civil case or administrative proceeding, whether state or local, but excluding those administrative proceedings involved in the adoption of rules as provided in R.S. 49:953, in which the presence, participation, or involvement, whether as counsel, witness, or in any other capacity of a member of the legislature, the clerk of the House of Representatives, the secretary of the Senate, or an employee of the House of Representatives or Senate, or the Legislative Bureau, when such person is serving or employed full-time during a session of the legislature, is required, such employment or service shall constitute peremptory cause for the continuance of any hearing or on any request for discovery, including any deposition or production of evidence, or on any motion, exception, rule, trial on the merits, or any hearing whatsoever pertaining to such case or administrative proceeding during sessions of the legislature and during any of the times in Paragraph (3) of this Subsection and in any of those instances, but only upon timely filing of record of a motion for continuance in the court or with the agency having jurisdiction of such cause, and in the event the motion for continuance is filed pursuant to this Section by an employee of the House of Representatives, the Senate, or the Legislative Bureau, the motion for continuance shall be accompanied by an affidavit, verifying such employment or service, executed by the presiding officer or the clerk or secretary of the respective house.
(2) Continuances granted pursuant to Paragraph (1) of this Subsection shall include any pretrial or posttrial proceeding provided for by law.
(3) Continuances pursuant to this Subsection shall be granted at any of the following times or instances:
(a) During any time between the original call to order and fifteen days following the adjournment sine die of any session of the legislature, whether regular or extraordinary.
(b) At any time during which such person is engaged in activities in connection with or ordered by the legislature or any legislative committee appointed by the president of the Senate, the speaker of the House of Representatives, or any other committee or commission appointed by the governor, or other person authorized by law or legislative resolution to make such appointments.
(c) At any time during which such person is engaged in any activities in connection with or ordered by any constitutional convention or commission.
(B) The time within which such person shall file any brief, pleading or other documents whatsoever pertaining to such case shall be extended for the time occupied during the times set forth in Subsection (A)(3) of this Section.
(C) The provisions of this Section shall not apply to cases in the Supreme Court of Louisiana.
(D) During the period prescribed in Subsection (A)(3)(a) of this Section, the continuances and extensions of time provided for in Subsections A and B of this Section shall be granted as follows:
(1) For a period not less than sixty days from the date of adjournment sine die of the legislature of any legislative session, regular or extraordinary.
(2) To any member of the legislature who is a party to any suit or action.
E. Upon the filing of record of a motion for continuance based upon the grounds set forth herein the court or agency shall grant the continuance prayed for. (Emphasis Added)
This statute provides a peremptory ground for continuances in that, if the conditions of the statute are met, the continuance is mandatory. See: Sather v. White, 388 So.2d 402 (La.App., 1st Cir., 1980); Herb’s Machine Shop, Inc. v. The John Mecom Co., 426 So.2d 762 (La.App., 3rd Cir., 1983) writ denied, 430 So.2d 98; *174 McCaleb v. Dept. of Public Safety, 309 So.2d 748 (La.App., 4th Cir., 1975).
In the instant case the trial judge refused to grant the continuance because he found that the statutory conditions were not met. He gave the following reasons for that conclusion:
The Court finds as a finding of fact that due to the fact that the special session was for the purpose of reapportionment, which this Court’s understanding is the Commerce Committee had nothing to do with, it was not necessary for him to be in that session, that the motion for continuance is without merit.
In the plaintiffs motion for continuance an allegation by counsel exists to the effect that “... counsel is a full/time employee of Louisiana House of Representatives and more specifically is counsel of the House of Representative Committee on Commerce “and that because of the special session of the legislature on July 28 to August 4, 1991, “counsel is unable to be properly prepared before the Court on August 6 and 7, 1991.
No other evidence exists in the record regarding the involvement (or non-involvement) of plaintiffs counsel in this Extraordinary Session of the Legislature. Hence the conclusion of the trial judge that “it was not necessary for him [Mr. Boudreaux] to be in that session “is not supported by the record and is, therefore, clearly wrong. Moreover, it is noteworthy that not only service but also employment is a sufficient criteria for compliance with this statute. There is no question but that plaintiffs counsel was, at the time in question, an employee of the Legislature.
The assertion by plaintiffs counsel that he is a fulltime employee of the House of Representatives, is sufficient to support compliance with the substantive requirement of this peremptory statute. La.R.S. 13:4163. The trial judge’s denial of the continuance on the basis of statutory noncompliance was error.
The sole remaining issue on the subject, is the timeliness of the filing of the motion for continuance.
The trial court found that the motion for continuance was not filed timely and reasoned as follows:
The Court also finds as a finding of fact that it is untimely filed. If it had been filed earlier, at the beginning of the session, the Court may very well have granted it; but being filed July 31st, 1991, and submitted to the Court August 2nd, 1991, only two business days prior to the commencement of the trial, the Court finds it as being untimely, and therefore the motion for continuance is denied.
The record reflects that this motion to continue was mailed to opposing counsel on July 29, 1991 and received by him on July 31, 1991. The motion was filed, with the court, on July 31, 1991 and, according to the trial judge, it was received by the judge on August 2, 1991. The opposition to the motion was filed August 5, 1991. The trial was scheduled for August 6-7, 1991. The Extraordinary Legislative Session which prompted the motion was taking place from July 28th through August 4th, 1991.
As such, the motion for continuance was filed 4 days after the beginning of the special session of the legislature. The motion was filed 7 days before the date of trial. It was received by opposing counsel 7 days before trial and by the trial court judge 5 days before the trial.
In this same case an identical motion had previously been granted by this court. The prior motion was based upon a meeting of the Regular Session of the Legislature conducted from April 16, 1990 through July 9, 1990. It is unclear from the record the exact filing date of the motion. However, the prior motion for continuance was served on opposing counsel on July 5, 1990. The opposition to the motion was filed July 10, 1990. The trial was to be conducted July 11, 1990, however the motion was granted on July 10, 1990.
In this former instance, the motion for continuance was, according to plaintiff, filed 3 days before the date of trial. It was received by opposing counsel 7 days before trial. Therefore, the motion was filed a *175 day before the adjournment of the extraordinary session of the legislature.
It is apparent that the first filing was at a time which was much later into the legislative session. It is likewise apparent that the first filing “in the court” was much closer to the time of trial and the response time allowed for opposing counsel was less. La.R.S. 13:4163(A)(1).
In light of the circumstances of this case, where an identical motion grounded upon time limitations which are more egregious than the present instance was found to be timely, it is unreasonable and an abuse of discretion for the trial judge to hold that the present motion for continuance is untimely. Accordingly, the judgment of the trial court denying the plaintiff’s motion for continuance is reversed.
The motion to dismiss plaintiffs suit with prejudice resulted because of plaintiff’s (and his counsel’s) failure to appear and present the case for trial. La.C.C.P. Art. 1672. Since their failure to appear was, in fact, legally justified, the judgment dismissing the suit with prejudice was in error and is hereby reversed.

Motion to Compel Discovery

The court denied plaintiff’s motion to compel discovery on certain supplemental interrogatories and request for production of documents on the basis that they were untimely. The court gave these reasons for its conclusion:
The Court has reviewed the record. There was a previous motion to compel discovery on some supplemental interrogatories and request for production of documents that were filed by Mr. Bou-dreaux. The Court took the matter under advisement due to the fact that this matter had been set for trial on two previous occasions and prior cutoff dates were set.
The Court notes that those supplemental interrogatories and request for production of documents were filed subsequent to the previous cutoff date set by this court’s predecessor and therefore were untimely, and the Court thought it had made a prior ruling on this but evidently not. The Court rules that they are not timely and therefore they are not entitled to [that] supplemental interrogatories and request for production of documents.
The record reveals that plaintiff filed a request for admissions and a request for production on August 29, 1989, which were answered on January 18, 1989. Thereafter, he filed a second set of interrogatories and request for production on February 6, 1991. Defendant did not answer these requests but objected on February 6, 1991 and contended that they were untimely. Thereafter plaintiff, on February 25, 1991, filed a rule to compel.
There are several documents in the record which reflect discovery cut-off dates. In the first order setting this matter for trial, a discovery cut-off date of July 5, 1990 appears. The trial was continued. The second order setting this matter for trial reflects a discovery cut-off date of December 10, 1990. The final document which alludes to a discovery cut-off date is a pretrial order dated March 5, 1991 and it provides, in pertinent part:
IT IS FURTHER ORDERED that the discovery deadline remains unset, pending a determination by this Court on a rule to show cause to limit discovery deadline, filed by the defendants.
There is no additional discovery cut-off date appearing in the record. The subject request for discovery was filed by the plaintiff on February 6,1991. This request was filed after the December 10, 1990 deadline. However, the language of the March 5, 1991 pre-trial order indicates that the deadline was unset and hence discovery was ongoing until the deadline was again set by the court. Further credence is lent to this interpretation because a new discovery deadline was given each time the trial was continued, and this order was the direct result of the further continuance of the matter for trial. Under these circumstances, it was error for the court to deny the plaintiff’s motion to compel discovery as untimely.
For the reasons assigned the judgments of the trial court denying the plaintiff’s *176 motion for continuance and motion to compel discovery and dismissing plaintiffs suit with prejudice are hereby reversed and the matter is remanded to the district court for further proceedings consistent with the opinion herein expressed. Defendants shall bear the costs of this appeal.
REVERSED AND REMANDED.
GONZALES, J., concurs.

. According to the court and defense counsel, plaintiffs counsel participated in the selection of these dates and assured all persons involved that the dates would be acceptable, even in the event of a Special Session of the Legislature during that time.

. Although plaintiff’s counsel had formerly given assurances that the legislative session would not interfere with the selected trial date; he states, in brief, that "... once the Special Session commenced, it was readily apparent that the preparation for trial was impossible.”

.In brief, plaintiff’s counsel states that he received no written notice of the hearing and he misunderstood the trial judge's telephone communication to the effect that he attend the hearing.