STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 1038

DONNA KING MICHELLI & EUGENE J. MICHELLI, JR.

*CHH*

VERSUS

*SMM*
*by CHH*

CLEVE DUNN, JR. & STACY P. DUNN

Judgment Rendered: ___SEP 0 3 2024___

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 713823

Honorable Beau Higginbotham, Judge Presiding

* * * * *

Terrence J. Donahue, Jr.　　　　Attorneys for Plaintiffs-Appellees,
Charlotte C. McDaniel　　　　　Donna King Michelli and Eugene J.
Baton Rouge, LA　　　　　　　Michelli, Jr.


Edmond D. Jordan　　　　　　Attorney for Defendants-Appellants,
Brusly, LA　　　　　　　　　Cleve Dunn, Jr. & Stacy P. Dunn


* * * * *

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

*McClendon, J. concurs and assigns reasons. by CHH*

**HESTER, J.**

This appeal involves the denial of an *ex parte* motion for legislative continuance and the resultant proceedings. For the reasons that follow, we reverse and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On December 3, 2021, Donna King Michelli and Eugene J. Michelli, Jr. filed a Petition for Injunctive Relief, Declaratory Judgment, and Damages, naming as defendants Cleve Dunn, Jr. and Stacy P. Dunn. The Michellis alleged that in the fall of 2020, the Dunns began performing major construction on their property without applying for or receiving permits or approvals from governmental entities. Such major construction involved concrete removal and replacement, installation of plumbing and sewer, electrical installations, and the erection of a "cabana-type structure."

The cabana was located only inches from the Michellis' property, within the 7.5-foot servitude on either side of the property line separating the Michellis and the Dunns' properties set forth in the subdivision plat and in violation of the applicable building restrictions and Unified Development Code. Additionally, the Michellis alleged that the location of the cabana changed the natural contour and drainage of water on the property, causing excessive amounts of surface and other drainage waters to be diverted onto the Michellis' property. Further, the Dunns installed a wooden fence on the Michellis' property in August of 2021, depriving them of the use and enjoyment of their property. Despite amicable demands by the Michellis to the Dunns to remove the cabana, fence, and other constructions, the Dunns refused to take any action, and the Michellis filed the instant lawsuit.

After the appointment of a private process server pursuant to La Code. Civ. P. art. 1293, the Dunns responded to the petition on December 28, 2021 by filing a peremptory exception asserting the objection of no right of action. The hearing on

2

the exception was initially set for November 7, 2022, nearly a year after the exception was filed. In September of 2022, the Michellis filed an opposition to the exception and a motion to expedite the hearing, which was coupled with a motion for an *in camera* inspection of Mrs. Michelli's health records, arguing that Mrs. Michelli's health records justified the need for the expedited hearing.

On December 7, 2022, the Michellis filed a motion requesting that the court expedite the *in camera* inspection and set a subsequent expedited hearing on the exception.[1] According to the Michellis, the exception was not set for hearing at the time of the filing. The Michellis' motion was heard on January 17, 2023, with attorneys for both sides present. At the conclusion of the hearing, the court granted the motion and set the exception for hearing on January 30, 2023.

On January 24, 2023, the Dunns, through their counsel of record, Edmond D. Jordan, filed an *ex parte* motion for continuance of the January 30th hearing. The Dunns sought a legislative continuance pursuant to La. R.S. 13:4163 on the basis that Mr. Jordan is a member of the Louisiana Legislature as the elected representative of House District 29. Further, the Dunns indicated that on January 22, 2023, the governor issued a call for the Louisiana Legislature to convene an extraordinary session beginning on January 30, 2023, which session was required to adjourn *sine die* by February 5, 2023.

On January 25, 2023, the trial court denied the *ex parte* motion for legislative continuance. In its order, the court indicated that "[the Dunns'] counsel agreed to the January 30, 2023 hearing" and "stated the possibility of a special session, but the date of January 30, 2023 at 9 a.m. would be 'fine,' thus waiving his peremptory

---

[1] We note that this matter was delayed, in part, by multiple recusals and re-allotments. On October 24, 2022, the judge presiding over the matter in Section 21 recused himself, and the matter was re-allotted to Section 30 of the court. On November 28, 2022, the judge of Section 30 also recused himself. Ultimately, the matter was allotted to Section 22.

ground for continuance pursuant to [La.] R.S. 13:4163(B)."[2] The trial court further cited Mrs. Michelli's "serious health conditions." The hearing on the Dunns' exception was held on January 30, 2023, with all counsel present. The trial court overruled the exception at the conclusion of the hearing. Additionally, the trial court set a March 14, 2023 hearing date for the injunction.

On March 3, 2023, the Dunns, through their counsel, Mr. Jordan, filed a second *ex parte* motion for legislative continuance, seeking to continue "any and all matters, including but not limited to, any Petition For Injunctive Relief, Declaratory Judgment and/or Damages set for March 14, 2023." The Dunns cited the 2023 Regular Session of the Louisiana Legislature set to convene on April 10, 2023 and adjourn *sine die* by June 8, 2023 and again noted that their counsel of record is a member of the Louisiana Legislature as the elected representative of House District 29.

On March 7, 2023, the Michellis filed a motion to compel an answer to the petition and discovery responses. On the same date, the Michellis filed an opposition to the second *ex parte* motion for legislative continuance, noting that Mr. Jordan did not object to the March 14, 2023 court date when the matter was set in open court, effectively waiving the legislative continuance.

In an order dated March 9, 2023, the trial court denied the Dunns' second *ex parte* motion for legislative continuance. In so ruling, the court stated in its order that the "instant matter has been pending since December 3, 2021. Plaintiff is seriously ill and the continuation of this matter would cause undue hardship." The Supreme Court denied the Dunns' application for supervisory writ on March 14, 2023. **Michelli v. Dunn**, 2023-00369 (La. 3/14/23), 358 So.3d 42; also see La. R.S.

---

[2] Louisiana Revised Statutes 13:4163(B) provides that "[t]he peremptory grounds for continuance or extension is available to and for the benefit of a member or legislative employee and may only be asserted or waived by a member or employee."

4

13:4163(H)(1).[3] While the minute entry reflects that the matter came for hearing pursuant to the Petition for Injunctive Relief, Declaratory Judgment and Damages the morning of March 14, 2023, with counsel for the Michellis' present and no appearance by counsel for the Dunns, the trial court reassigned the matter for March 23, 2023.

On March 14, 2023 at 4:25 p.m., the Dunns filed a third *ex parte* motion for legislative continuance, seeking to continue "any type of proceeding and/or extension of any deadline" and citing the same grounds relied upon in their second *ex parte* motion for legislative continuance. On March 16, 2023, the trial court signed an order denying the Dunns' third *ex parte* motion for legislative continuance, which provided, in pertinent part, as follows:

> On March 3, 2023, [the Dunns] filed an Ex Parte Motion for Continuance for a hearing that was scheduled for March 14, 2023. That motion was denied on March 9, 2023.
>
> On March 13, 2023, [the Dunns] filed an Application for Supervisory Writ with the Louisiana Supreme Court for the denied Ex Parte Motion for Continuance.
>
> On March 14, 2023, the Louisiana Supreme Court denied [the Dunns'] Application for Supervisory Writ.
>
> **WHEREFORE**, the hearing set for March 14, 2023 was reassigned to March 23, 2023, [the Dunns] filed another Ex Parte Motion for Legislative Continuance. For the reasons set forth in the previous Orders denying this same Ex Parte Motion for Legislative Continuance and because [the Dunns'] Application for Supervisory Writ was denied, the court DENIES [the Dunns'] March 14, 2023 Ex Parte Motion for Legislative Continuance.

See **Michelli v. Dunn**, 2023-00369 (La. 3/14/23), 358 So.3d 42.

On March 23, 2023, the matter came for hearing on the Petition for Injunctive Relief, Declaratory Judgment, and Damages. Mr. Jordan did not make an appearance, and the Dunns were not present in court. During the hearing, the

---

[3] Louisiana Revised Statutes 13:4163(H)(1) permits any person or attorney who has filed a motion for legislative continuance or extension which has been denied to apply directly to the Supreme Court of Louisiana for supervisory writs to review the action of the court.

5

Michellis presented testimony and evidence relative to their claims for injunctive relief and damages. At the conclusion of the hearing, the trial court granted the injunctive and declaratory relief requested by the Michellis and awarded $57,703.88 in damages. Ultimately, the trial court signed a judgment on April 20, 2023, ordering the Dunns to immediately remove the cabana, declaring that the fence erected by the Dunns on Donna King Michelli's property was the property of Donna King Michelli, and awarding the Michellis damages in the amount of $57,703.88 in addition to legal interest and costs.

After the March 23, 2023 hearing but before the April 20, 2023 judgment was signed, the Dunns filed a motion to annul and set aside the judgment on March 30, 2023. The Dunns argued that the March 23, 2023 hearing was held less than thirty days from the convening of the Louisiana Regular Legislative Session on April 10, 2023 contrary to La. R.S. 13:4163(C)(1)(a). Pursuant to La. R.S. 13:4163(G), "[a]ny action taken against a person … who has filed a motion for legislative continuance or extension and which results from the failure of such person or attorney to appear or comply with an order of the court or agency … shall be considered an absolute nullity and shall be set aside by the court or agency upon the filing of a motion by the aggrieved person or attorney." Accordingly, the Dunns maintained that any action taken against them as a result of the March 23, 2023 hearing was an absolute nullity. The trial court denied this motion on April 4, 2023, stating that the Dunn's "motion to continue was denied and Writ was taken to Supreme Court and it was denied."

Thereafter, the Dunns filed a motion and order for suspensive appeal on April 18, 2023, seeking to appeal "from all judgments rendered against them in this action" and specifically referencing the action taken against them by the court at the March

6

23, 2023 hearing and the April 4, 2023 denial of the motion to annul.[4] The suspensive appeal order was issued on April 19, 2023, setting the amount of security and the return date.[5] This appeal followed.

The Dunns' *sole* assignment of error is the trial court's denial of their timely filed third *ex parte* motion for legislative continuance pursuant to La. R.S. 13:4163. The Michellis answered the appeal, claiming that the trial court failed to adjudicate general damages. The Michellis seek to reverse the award of damages set forth in the April 20, 2023 judgment and remand the matter to the trial court for proper adjudication of their damage claims.

## PRELIMINARY PROCEDURAL ISSUES

After this appeal was lodged, the Michellis filed with this court a Motion to Dismiss Suspensive Appeal. The Michellis maintain that the suspensive appeal bond filed by the Dunns on June 1, 2023 was untimely.[6] We disagree.

---

[4] On April 24, 2023 the Supreme Court granted a writ in this case, relating to a contempt hearing, stating as follows:

> The contempt hearing at issue herein was first scheduled on March 14, 2023 to be heard on March 23. On that date, the contempt hearing was reassigned to April 26, 2023. All of these dates fall within 30 days prior to the original call or within the legislative session itself. The continuance is therefore granted. The matter is remanded to the trial court to set a new date for the contempt hearing in accordance with La. R.S. 13:4163(E)(2)(a).

**Michelli v. Dunn**, 2023-00584 (La. 4/24/23), 359 So.3d 1268 (*per curiam*).

[5] We note that the motion and order for suspensive appeal were filed and signed prior to the signing of the April 20, 2023 judgment rendered. However, any defect resulting from a premature motion for appeal is cured upon the signing of a final judgment. See **Overmier v. Traylor**, 475 So.2d 1094, 1094-1095 (La. 1985) (*per curiam*); **Green v. Patient Compensation Fund Oversight Board**, 2021-1310 (La. App. 1st Cir. 7/5/22), 344 So.3d 161, 165 n.5.

[6] In their answer, the Michellis submit that the April 20, 2023 judgment was an uncertified partial final judgment. We disagree. We note that the minute entry on January 30, 2023 indicated that the court set a hearing on the injunction for March 14, 2023. However, both minute entries for March 14, 2023 and March 23, 2023 indicate that the matter came for hearing pursuant to Petition for Injunctive Relief, Declaratory Judgment, and Damages. Nothing in the March 23, 2023 hearing transcript limited the hearing to injunctive relief. Moreover, the Michellis put forth testimony and evidence as to their damages at the March 23, 2023 hearing. The trial court awarded all categories of relief requested in the Michellis' petition at the conclusion of the March 23, 2023 hearing and did not indicate that any additional issues were to be reserved and determined at a later date. Based on the entirety of the record before us, the April 20, 2023 judgment determined the merits of this matter and is a final judgment. See La. Code Civ. P. art. 1841; also see **M.J. Farms, Ltd. v. Exxon Mobil Corp.**, 07-2371 (La. 7/1/08), 998 So.2d 16, 26, amended on reh'g (La. 9/19/08) ("Generally, when a trial court judgment is silent as to a claim or demand, it is presumed the relief sought was denied.")

7

The Dunns' motion sought an appeal "from all judgments rendered against them in this action" and referenced the April 4, 2023 denial of the motion to annul. However, the motion also referenced the action taken against them by the court at the March 23, 2023 hearing, which was ultimately reduced to writing by counsel for the Michellis and signed by the trial court on April 20, 2023.

Pursuant to La. Code Civ. P. art. 2123(A), security for a suspensive appeal (in this case, a bond) must be furnished within thirty days of either the following:

> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.

> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

Pursuant to La. Code Civ. P. art. 1974, a party may file a motion for a new trial not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment as required by Article 1913.

Here, the underlying judgment on the merits, which granted injunctive relief, declared that the Michellis owned the fence, and awarded the Michellis damages, was signed on April 20, 2023. The notice of judgment was mailed on April 21, 2023. Thus, the new trial delay from this judgment expired on May 2, 2023, and the Dunns had thirty days from that date, or until June 1, 2023, to file security for the suspensive appeal. Accordingly, the Dunns timely perfected their suspensive appeal by filing an appeal bond on June 1, 2023 in the amount of $57,703.88, as set forth in the April 19, 2023 appeal order.

## LAW AND ANALYSIS

The Dunns assign as error the trial court's denial of their third *ex parte* motion for legislative continuance, which was filed timely and in accordance with the provisions of La. R.S. 13:4163. Applying La. R.S. 13:4163, we find merit in the Dunns' assignment of error and find that the trial court erred in denying their third

8

*ex parte* motion for legislative continuance. This statute provides a peremptory ground for continuances in that, if the conditions of the statute are met, the continuance is mandatory. **West v. Jones**, 612 So.2d 170, 173 (La. App. 1st Cir. 1992).

Pursuant to La. R.S. 13:4163(A)(1), a member of the legislature shall have peremptory grounds for continuance or extension of a criminal case, civil case, or administrative proceeding, which shall be sought by written motion.[7] Louisiana Revised Statute 13:4163(C) provides, in part:

> (1) Such peremptory grounds are available for the continuance of any type of proceeding and the extension of any type of deadline pertaining to a criminal case, civil case, or administrative proceeding, if the presence, participation, or involvement of a member or employee is required in any capacity, including any pretrial or post-trial legal proceeding, during:
>
> (a) Any time between thirty days prior to the original call to order and thirty days following the adjournment sine die of any session of the legislature.

Louisiana Revised Statute 13:4163(E) provides, in part:

> (1)(a) If the grounds for a legislative continuance or extension are founded upon the convening of a regular legislative session or a constitutional convention, the motion for legislative continuance or extension shall be timely if filed no later than five calendar days prior to the hearing or proceeding to be continued.
>
> ...
>
> (2) Within seventy-two hours of the filing of a motion for a legislative continuance or extension, the court or agency shall grant the continuance or extension ex parte as follows:
>
> (a) If the grounds for the motion are pursuant to Subparagraph (C)(1)(a) or (b) of this Section, the continuance or extension shall be granted for a period of not less than sixty days from the date of adjournment sine die of the session of the legislature or of the constitutional convention.

The Dunns' counsel of record is a member of the legislature, and there is no dispute that La. R.S. 13:4163 is applicable. After the trial court reset the hearing on the Petition for Injunctive Relief, Declaratory Judgment, and Damages for March

---

[7] The parties do not dispute that the Dunns' counsel of record is a member of the legislature.

23, 2023, the Dunns timely filed the third *ex parte* motion for legislative continuance on March 14, 2023, which was nine days prior to the hearing.[8] See La. R.S. 13:4163(E)(1)(a). In the third motion, the Dunns cited the call to order of the 2023 Regular Legislative session, which was set to convene on April 10, 2023 and which the parties do not dispute. There is no question that the March 23, 2023 hearing date is within thirty days of the April 10, 2023 call to order of the legislative session.[9] Accordingly, the trial court was required to grant the motion within seventy-two hours and continue the matter for a period of not less than sixty days from the date of adjournment *sine die* of the legislative session. See La. R.S. 13:4163(E)(2)(a). Therefore, the trial court erred in denying the Dunns' third *ex parte* motion for legislative continuance.

Because the trial court denied the motion, the trial court conducted the March 23, 2023 hearing in the absence of the Dunns and Mr. Jordan, ruling against the Dunns in open court. Thereafter, on April 20, 2023, the trial court issued a judgment in conformity with its March 23, 2023 ruling. Louisiana Revised Statute 13:4163(G) unequivocally states as follows:

> Any action taken against a person, including any sanction imposed on an attorney, who has filed a motion for legislative continuance or extension and which results from the failure of such person or attorney to appear or comply with an order of the court or agency or any deadline shall be considered an absolute nullity and shall be set aside by the court or agency upon the filing of a motion by the aggrieved person or attorney.

---

[8] Further, there were no actions or circumstances relative to the setting of the March 23, 2023 hearing that would constitute waiver pursuant to La. R.S. 13:4163(B).

[9] See **Michelli**, 359 So.3d 1268.

Therefore, all actions taken against the Dunns orally at the March 23, 2023 hearing *and* the resultant April 20, 2023 judgment must be considered absolute nullities.[10]

## CONCLUSION

In light of the above and foregoing, the trial court's March 16, 2023 denial of Cleve Dunn, Jr. and Stacy P. Dunn's motion for legislative continuance is reversed, and the actions taken against Cleve Dunn, Jr. and Stacy P. Dunn at the March 23, 2023 hearing and the resultant April 20, 2023 judgment are considered absolute nullities.[11]  This matter is remanded to the trial court for further proceedings in conformity with this ruling and La. R.S. 13:4163.  The answer to the appeal filed by Donna King Michelli and Eugene J. Michelli, Jr. is denied.  Costs of this appeal are assessed to Donna King Michelli and Eugene J. Michelli, Jr.

**MOTION TO DISMISS SUSPENSIVE APPEAL DENIED; ANSWER TO APPEAL DENIED; REVERSED AND REMANDED.**

---

[10] Louisiana Revised Statute 13:4163(G) requires that an aggrieved party or attorney file a motion requesting that the "action" taken against them, which is considered an absolute nullity, be set aside.  While the Dunns filed a motion to set aside the trial court's oral rulings issued at the March 23, 2023 hearing, the Dunns failed to assign this ruling as error with this court.  See Uniform Rules-Courts of Appeal, Rule 1-3 (an appellate court shall review issues "that were submitted to the trial court and that are contained in specifications or assignments of error"); also see Uniform Rules-Courts of Appeal, Rule 2-12.4(B)(4) (an appellate court "may deem as abandoned any assignment of error or issue for review which has not been briefed").

[11] Considering the April 20, 2023 judgment an absolute nullity pursuant to La. R.S. 13:4163(G), we deny the Michellis' answer to the appeal, which sought modification of the April 20, 2023 judgment.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1038

DONNA KING MICHELLI & EUGENE J. MICHELLI

VERSUS

CLEVE DUNN, JR. AND STACEY P. DUNN

************************************************

**McClendon, J., concurs.**

The appellants did not specifically assign as error the trial court's denial of their motion to annul and set aside the April 20, 2023 judgment. Nevertheless, because the appellants' brief requests that this court declare the trial court's rulings and actions absolute nullities, I concur in the result reached by the majority.